## UNIVERSAL MILLS v. LASSETER.

### No. 13237.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 11, 1935.

344

Coke & Coke and John N. Jackson, all of Dallas, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

BROWN, Justice.

Appellant sold appellee several bills of merchandise which it shipped to appellee in his home county, Ector county, Tex., and in each instance after appellee made such purchases, appellant sent appellee written confirmations, signed by appellant, and containing provisions to the effect that acceptance of the contract without written notice within three days is evidence of a purchase without privilege of cancellation; that the purchaser agrees to take the goods at the listed prices, regardless of market changes; that changes in specifications of mixed feeds only will be allowed, but then only when such changes are delivered to appellant's office not later than two days before shipment is made.

These confirmations all have the following provision: "Any difference or claims arising under this contract are due and payable at Fort Worth, Texas."

Appellant having sued appellee on a number of such transactions in the district court of Tarrant county, where the city of Fort Worth is located, appellee filed his plea of privilege to be sued in Ector county, where he resides, and appellant having filed a controverting affidavit relying upon the language above quoted to maintain venue in Tarrant county, issue was joined and the district court sustained appellee's plea. The appeal is from such order.

That the confirmations are contracts in writing, irrespective of the fact that they are signed only by appellant, we do not doubt. Grainger v. Gottlieb (Tex. Civ. App.) 234 S. W. 604; Stevens-Smith Grain Co. v. Heid Bros., Inc. (Tex. Civ. App.) 18 S.W.(2d) 210.

The only difficulty presented here is a proper construction of the language found in the confirmations and quoted above. Appellee lays stress upon the conclusions reached in Strawn Merchandise Co. v. Texas G. & H. Co. (Tex. Civ. App.) 230 S. W. 1094, 1095, in which the confirmation contains the following provisions: "All claims arising from foregoing is payable at Waco, Texas and said claim must be filed within five (5) days from arrival of said car, and must be supported by all memoranda affidavits, etc., verifying said claim. * * * I ask that you send me copy of all correspondence pertaining to this sale such as shortage, claims, railroad claims, rejections, etc., that I may be of some assistance to you."

In reversing the judgment of the trial court overruling the plea of privilege, the court said: "The language, 'all claims arising from the foregoing sale is payable at Waco, Texas,' if it stood alone and was not qualified by that which follows immediately after, might be sufficient to sustain the ruling of the trial court."

We think the court in that case properly concluded that the qualifying language indicates that the only claims in mind were those discoverable after the shipment arrived, and were claims in behalf of the purchaser and not any claim of the seller.

The language used in the confirmations before us is plain enough. It needs no explanation. It declares: "Any difference or claims arising under this contract are due and payable at Fort Worth, Texas."

We are of the opinion that it covers any differences arising between the parties and any claims on the part of either party and both parties, which arise under the contract, are payable at Fort Worth, Tex.

We conclude that the trial court erred in sustaining appellee's plea of privilege to be sued in the county of his residence, and we here reverse the judgment of the trial court, and render judgment overruling appellee's said plea of privilege.