**AMERICAN CASUALTY CO. v. BAILEY.**

No. 3482.

Court of Civil Appeals of Texas. Beaumont.

May 25, 1939.

Sanders & McLeroy, of Center, for appellant.

E. B. Lewis, and Davis, Avery & Wallace, all of Center, for appellee.

O'QUINN, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, S. L. Bailey, sued appellant in the district court of Shelby County, Texas, to recover for loss of time and disability caused him by injuries accidentally received while riding in an automobile, such loss of time and disability covered by an insurance policy issued to him by appellant, and being in full force and effect at the time of the accident.

Appellant filed its plea of privilege to be sued in the county of its domicile, alleged to be Dallas County, Texas. Appellee duly filed his controverting affidavit making his Original Petition a part thereof, and asserting, among other grounds, venue in the district court of Shelby County by virtue of Section 5 of Article 1995, R.S.1925, Vernon's Ann.Civ.St. art. 1995, subd. 5, on the ground that the insurance policy was a contract in writing performable in Shelby County; and Section 23 of said article, the suit being one against a corporation, the cause of action, or at least a part thereof arising in Shelby County; and Section 28 of said Article, the suit being a suit against such character of insurance corporation as therein mentioned, on an insurance policy, the loss covered by the policy occurring in Shelby County; and Section 28 of said Article, the suit being a suit against such insurance corporation as therein mentioned on an insurance policy by it issued, the holder and beneficiary therein, appellee, residing in Shelby County.

Upon a hearing the plea was overruled. The policy was in evidence. The injury occurred in Shelby County.

Bailey resided in Shelby County. Under the facts and the law the venue was properly laid in the district court of Shelby County. As a reason why its plea of privilege should have been sustained, appellant insists (a) that appellee failed to prove that he had furnished proof of loss in compliance with the provisions of the policy of insurance; and (b) that the suit was barred by the four year statute of limitations. These are matters of defense against the suit on its merits, and have nothing to do with the venue of the case.

No error appearing, the judgment is affirmed.