**Garland D. BACK, t/a Back Plumbing Co., Appellant,**

v.

**RADIO CITY DISTRIBUTING CO., Appellee.**

No. 15046.

Court of Civil Appeals of Texas.

Dallas.

Jan. 27, 1956.

Rehearing Denied Feb. 17, 1956.

---

W. S. Barron, Jr., Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist, Dallas, for appellee.

DIXON, Chief Justice.

This is primarily an appeal from an order overruling a plea of privilege, though it also involves a judgment on the merits.

Radio City Distributing Company, a corporation, appellee, sued appellant Back in Dallas County on a verified account for $566.81 for merchandise allegedly delivered to appellant at his place of business in Waco, McLennan County, Texas. Attached to appellee's petition were copies of four invoices containing this provision: "All bills payable at our office in Dallas, Texas."

Appellant filed a plea of privilege seeking to transfer the case to McLennan County for trial. Appellee filed a controverting affidavit asserting that venue properly lay in Dallas County under Section 5, of Art. 1995 V.A.C.S. In an amended answer appellant denied that he or anyone authorized by him had executed any instrument in writing, as alleged by appellee. He did not deny the account itself as required by Rules 185 and 93, T.R.C.P.

A hearing on appellant's plea of privilege and a trial on the merits were heard at the same time by the trial court. Appellant offered no evidence. At the conclusion of the hearing the court overruled appellant's plea of privilege and entered judgment for appellee for $566.81 principal, $11.04 interest, and $180 attorneys' fees.

Appellant in his first three points in substance asserts that the trial court erred in overruling his plea of privilege because (1) neither party executed a written contract; and (2) the invoices were not an integral part of any contract, but were subsequent ex parte declarations.

Only two witnesses testified. Appellee's salesman stated that on or about October 11, 1954 he was in appellant's place of business in Waco, Texas. Appellant, a plumber, had told him that he had taken in a partner, one Riley, and was about to expand his operations to include the heating and air conditioning business. Appellant sought to place an order with the salesman and the salesman went so far as to "write up" the order. However he declined to send the order in to his company at Dallas because appellant was a new customer seeking to open a new account and would have to make proper arrangements with the company's credit manager. He so informed appellant and requested that he, appellant, give his order personally in appellee's office. The salesman did not sign the order he had "written up." The record is silent as to whether appellant signed it. The in-

strument was not introduced into evidence. When the salesman returned to Dallas a day or two later he checked with the assistant credit manager and was informed that an order had been received and accepted from appellant covering the same items, except as to some controls, as those in the order "written up," but not signed or sent in by the salesman.

Appellee's assistant credit manager testified that he passed on the acceptance or rejection of orders from a credit standpoint. In a conversation over the telephone with some one representing himself to be Mr. Riley of Back Plumbing Company he had received an order for some merchandise. He had talked with said person in regard to opening an account for Back Plumbing Company. He had accepted the order. The dates shown on the invoices should be the date the orders were shipped, though the invoices were typed a day later.

Appellee contends that the facts bring the case within the terms of Art. 1995, § 5, which provides that if a person contracts in writing to perform an obligation in a particular county he may be sued in that county. In support of its contention appellee cites us a number of cases, including Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265.

In our opinion none of the cases cited by appellee is in point here. In the Dowdell case appellee had signed and mailed a written purchase order to appellant. The latter was not able to ship immediately all of the items called for in the order; but he shipped some of them and forwarded an invoice providing for payment in Dallas, Texas and noting that the balance of the goods would be shipped within six or seven weeks. Two later shipments with two similar invoices completed the order. Appellant received and paid for the goods described in the first two invoices but litigation arose over the third shipment. It was held that the third invoice constituted a part

of the contract; and that the facts brought the case within the rule that only one party may sign a written contract and the other may accept by his acts, conduct, or acquiescence in the terms of the agreement. We do not disagree with the holding but in our opinion it is not applicable to the facts in the case now before us.

In the instant case there is no evidence in the record that either party signed any instrument in writing. According to appellee's own witness, its assistant credit manager, the order in question was received and accepted in a telephone conversation. There is no evidence to show that the oral contract so entered into included any venue provision. It is true that appellee's salesman testified that he had previously "written up" an order in Waco, Texas. But the salesman also testified that he had not signed this so-called order, nor had he even sent it in to appellee. There is no evidence that appellant signed it. Further there is no evidence that the credit manager at the time he made the oral agreement with appellant had any knowledge that the company's salesman had previously "written up" an order. Under the circumstances we think the applicable rule of law is that stated in Ferguson v. Sanders, Tex.Civ.App., 133 S.W.2d 806, wherein it is held in effect that a completed oral contract, which does not include a venue provision, may not be enlarged or altered to include a venue provision by a later ex parte statement by one of the parties. Appellant's points one, two and three are sustained.

Appellant has presented other points in his brief which pertain to the judgment on the merits, but in view of our holding in regard to the court's order on the plea of privilege we see no need to discuss them.

The order overruling appellant's plea of privilege and also the judgment on the merits are both reversed and both are remanded for another trial.