Buck NEWMAN, Appellant,

v.

TEXAS FARM PRODUCTS COMPANY, Appellee.

No. 6402.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 19, 1961.

Rehearing Denied Feb. 8, 1961.

Joe H. Tonahill, Jasper, for appellant.

S. M. Adams, Jr., Nacogdoches, for appellee.

## 152

McNEILL, Justice.

Appellee sued appellant in the District Court of Nacogdoches County upon a verified account for merchandise sold in the amount of $2,255.68. Appellant filed his plea of privilege to be sued in Jasper County, the place of his residence. Controverting affidavit was filed, pleading that suit was properly brought under Subd. 5 of Art. 1995, Vernon's Ann.Tex.Civ.St.

At the hearing certain invoices supporting the account were offered in evidence by appellee. Some were signed "Buck", some "Buck Newman", and some were not signed. Those that were signed were more than sufficient to place jurisdiction in the district court. In connection with the introduction of these invoices, Glenn Weaver, Secretary-Treasurer of appellee, testified that it was the company's practice that at the time of delivery of merchandise to require the signature of the customer on the invoice. Appellee's witness, Joe Smith, Store Manager for appellee at Woodville, testified that though he was not a handwriting expert, he was familiar with appellant's signature, and being shown each of the invoices introduced bearing the writing "Buck" or "Buck Newman", testified that the writing was the signature of Mr. Buck Newman. Each invoice contained the language "this invoice is due and payable in Nacogdoches, Texas." The trial court overruled appellant's plea.

Complaint is made that no adequate proof was produced of the fact that appellant signed the invoices bearing his name. On the basis of the statement made above, we overrule this complaint. Where an invoice for merchandise is signed by the purchaser at the time of or before delivery containing language of the kind above quoted, this sufficiently establishes a contract in writing within Exception 5 of Art. 1995. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Patterson v. Dunigan Tool & Supply Co., Tex.Civ.App., 143 S.W.2d 802; Borschow v. Waples-Platter Grocer Co., Tex.Civ.App., 223 S.W. 872. Appellant relies principally upon Smith v. Hunt Tool Co., Tex.Civ.App., 331 S.W.2d 952. This case is easily distinguished. While the shop bills in that case had language similar to that in this case, the court stated that there were no facts showing that defendants ever saw or knew of the existence of the shop bills on which the quoted language relied on was printed and nothing to indicate that defendants accepted or assented to the language. This is entirely different from our situation where several of the invoices bore appellant's signature. That appellant's signature appear on the invoices is evidence that he accepted and assented to the printed language thereon.

Appellant urges that at the time the said account here involved was made appellee had a collector working out of the Woodville store who turned out to be an embezzler and that it was possible he had collected all or part of said account and embezzled it. The mere showing that there was a possibility the account was not correct because the collector might have embezzled some part thereof is not sufficient to overturn the trial court's ruling on the plea.

Appellant also asserts that since the suit was brought in the district court more than two years after the oldest item in the account, it is necessarily barred by the 2-year statute of limitation. This is not a proper question upon a venue hearing, but is one to be disposed of upon the merits. American Cas. Co. v. Bailey, Tex.Civ.App., 129 S.W.2d 338 by this court.

While all the invoices did not bear appellant's signature, in order to avoid a multiplicity of suits, venue of the whole account was properly laid in Nacogdoches County. Middlebrook et al. v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Farmer v. Cassity, Tex.Civ.App., 252 S.W. 2d 788.

The judgment is affirmed.