UNITED STATES FURNITURE CORP.,
Appellant,

v.

TWILITE MOBILE HOMES MFG. CO., Inc.,
Appellee.

No. 15991.

Court of Civil Appeals of Texas.

Dallas.

March 23, 1962.

Ungerman, Hill, Ungerman & Angrist, Robert W. Austin, Dallas, for appellant.

Mackin, Goldsmith & Burdette, Fort Worth, for appellee.

DIXON, Chief Justice.

This is an appeal from an order sustaining a plea of privilege.

Appellant United States Furniture Corporation, a Texas Corporation, brought suit in Dallas County, Texas against Twilite Mobile Homes Manufacturing Company, Inc., appellee, also a Texas corporation, for $1729.70 on sworn account for merchandise sold and delivered pursuant to Art. 2226, Vernon's Ann.Civ.St.

Appellee filed a plea of privilege alleging that the County of its residence is Denton County, Texas, that its principal place of business is in Denton County, and that it does not maintain an office in Dallas County, nor a registered agent in such County, nor has it done so at any time pertinent hereto.

Appellant filed a controverting affidavit alleging that appellee is a private corporation, and that venue of the cause of action is maintainable in Dallas County under Subdivision 23 of Art. 1995, V.A.C.S.

In its original petition appellant alleged that appellee is a corporation "duly incorporated and existing under and by virtue of the laws of the State of Texas, with the address of its registered office and registered agent being 1910 Story Road, in the City of

Irving, County of Dallas and State of Texas."

The evidence introduced in behalf of appellant included a certified copy of appellee's Articles of Incorporation, dated December .14, 1955, and one Amendment dated October 8, 1956.

The original Articles of Incorporation of appellee conform to V.A.T.S. Texas Business Corporation Act passed by our Legislature in 1955. Pursuant to Art. 2.09 of the Act the Articles of Incorporation contain this recital: "The post office address of its initial registered office is 1910 Story Road, Irving, Texas, and the name of its initial registered agent at such address is T. B. Roberts."

The Amendment to the original Articles changed the name of the corporation to Twilite Mobile Homes Mfg. Co. Inc., and increased the capital stock and number of shares of the corporation. No change was made in the address of the registered office or the registered agent.

T. B. Roberts, president of appellee corporation, was a witness. He testified that appellee now maintains its place of business at Roanoke, Denton County, Texas, and has no office elsewhere. Formerly, before moving to Roanoke, appellee maintained an office at Irving, Texas, in Dallas County, Texas at 1910 Story Road. The removal was made in July 1960, and appellee has not had an office or an agent in Dallas County since the removal to Roanoke. The items sued on in this case were shipped to Denton County and received by appellee in Denton County.

No amendments to the corporate charter have been filed since the amendment of 1956 changing the corporate name and the number of shares of stock.

## OPINION

In its first point on appeal appellant contends that the undisputed facts in this case bring it within the provisions of Subdivision 23 of Art. 1995, V.A.C.S. wherein it is provided that suits against a private corporation may be brought in the county in which its principal office is situated. More particularly appellant asserts that under the Texas Business Corporation Act the designation of a registered office and agent has the effect for venue purposes of designating the principal office of appellee.

In reply appellee contends that its principal office at the time suit was filed was actually situated in Roanoke, in Denton County, Texas, and has been so situated since its removal in July 1960 from Irving in Dallas County to Roanoke hence venue cannot be retained in Dallas County under the cited provisions in Subdivision 23 of Art. 1995.

In view of these contentions we deem it appropriate at this point to refer to the Texas Business Corporation Act and certain of its articles.

The Act became effective September 6, 1955. Certain types of corporations are excepted from its provisions. All other new domestic corporations must be organized under the Act. As of September 6, 1955 existing domestic corporations and foreign corporations with a permit to do business in Texas were given a five year period within which to adopt the provisions of the Act. After the expiration of said five year period the terms of the Act are made applicable to all domestic and foreign corporations. Art. 9.14 of the Act.

Arts. 2.09 and 3.02, subd. A(10) of the Act expressly provide that each corporation shall have and maintain in this State, and its Articles of Incorporation shall set forth: (1) a registered office which may be, but need not be, the same place as its business, and (2) a registered agent whose business office is identical with the corporation's registered office.

Art. 2.10 of the Act provides a convenient way for a corporation to change its registered office and its registered agent.

Arts. 9.15 and 9.16 of the Act provide for a limited repeal of prior statutes pertaining to corporations.

Nowhere in the Texas Business Corporation, so far as we know, is it required that a corporation formed under its terms should designate in its Articles of Incorporation or elsewhere the location of its principal office. The old statute Art. 1304, V.A.C.S. required the designation of a place or places where business was to be transacted, but the old Art. 1304 has been repealed. It was under the terms of the new statute, not the old, that appellee was incorporated.

■ We find no cases in point on the question raised by appellant's first point. However, we have concluded that our Legislature in enacting Arts. 2.09 and 3.02, subd. A(10) of the Business Corporation Act and in repealing old Art. 1304 V.A.C.S. intended that the designation of a registered office should have the effect, for venue purposes, of designating the principal office of a corporation. Therefore, appellant is correct in its contention that venue of this case may be retained in Dallas County.

A statement so construing the Act will be found in 14 Tex.Jur.2d 557. And in Vernon's Annotated Texas Statutes, Vol. 3–A, page 182 the Bar Committee's Comment on Art. 3.02 of the Act is as follows: "The term 'Post Office address', as used in Section A(10) of this Article, *means City of residence,* plus the street address, if there is a street address." (Emphasis ours.)

We call attention, too, to Arts. 7.03, 7.06 and 8.16 of the Act in which Articles venue is provided for certain types of suits in the county in which the registered office of the corporation is situated.

According to the Bar Committee, which helped draft the Act, the primary purpose in requiring the continuous maintenance of a registered office and a registered agent is to provide an agent for service of process and other notices.

Our Legislature has not amended Subdivision 23, of Art. 1995 to accord in exact language to the wording of Arts. 2.09 and 3.02, subd. A(10). Nevertheless, we believe that in seeking to arrive at the Legislature's

intent it is reasonable to construe said Articles of the Act as establishing the residence of a corporation for venue purposes. In this case appellee could easily have amended its Articles of Incorporation to show the addresses of its registered office and registered agent in Denton County. It failed to do so.

We know of no provision in our statutes requiring a corporation to designate the location of its main office. If we were to reject Arts. 2.09 and 3.02, subd. A(10) of the Act as establishing residence for venue purposes it would be difficult, indeed, if not impossible in some instances, for a plaintiff to know or find out where a corporation's principal office might be located in instances where a corporation maintains offices, plants or installations in different counties in this State.

■ We do not believe that the removal of its office from Dallas County to Denton County is decisive of the question at issue in this case. It has long been the law of this State that a corporation is not at liberty to change its domicile at will. In International & G. N. Ry. Co. v. Anderson County, 106 Tex. 60, 156 S.W. 499, 501, our Supreme Court said:

"Unlike a natural person, a corporation is not at liberty to change its domicile at will. Whether expressed in the right of charter designation or in a general statute, which contravenes such right, the law governs its location, and there is no power in a corporation to establish a domicile in fact which will prevail over that prescribed by law."

The case of Hawk & Buck Co. Inc. v. Cassidy, Tex.Civ.App., 164 S.W.2d 245 involved a venue question when a corporation had undertaken to change its place of business from one county to another, but had not amended its charter to show the change. The court held that though the corporation no longer conducted its business in the County designated in its charter, it was

**854**

bound by the charter designation, and venue could be maintained in the County so designated. See also 18 C.J.S. Corporations § 176, p. 585. Appellant's first point on appeal is sustained.

Appellant in its second point says that it may retain venue in Dallas County under Subdivision 23 of Art. 1995 because part of its cause of action arose in Dallas County.

Apparently appellant bases its claim under this point on the fact that its invoices contain this recitation: "This and all subsequent purchases payable in Dallas, Dallas County, Texas." Appellant has not sought to invoke Subdivision 5, Art. 1995, V.A.C.S. But it has cited us to several cases involving Subdivision 5 and invoices with recitations similar to the recitation here. Under these holdings, according to appellant, part of the cause of action arose in the County of residence, so venue may be there retained.

 We see no merit in appellant's second point. We are aware of cases in which it is held that when a purchaser has signed an invoice at the time or before delivery of the merchandise and the invoice contains such a stipulation, the invoice is a written contract within the meaning of Subdivision 5, Art. 1995, V.A.C.S. Newman v. Texas Farm Products Co., Tex.Civ.App., 346 S.W.2d 151. But the facts here do not bring it within this rule. There is no evidence that appellee signed any invoice, or that any invoice was received before delivery of the merchandise described in the invoice. We hold here as we did in Back v. Radio City Distributing Co., Tex.Civ. App., 286 S.W.2d 672 that a completed oral contract cannot be enlarged by a later ex parte statement. Appellant has not proved that a part of the cause of action arose in Dallas County within the meaning of Subdivision 23, of Art. 1995, V.A.C.S. Appellant's second point on appeal is overruled.

Appellee in its second counterpoint alleges that the court did not err in sustaining the plea of privilege for the reason that plaintiff, in its controverting affidavit, did not specifically allege venue facts under Subdivision 23 of Art. 1995, V.A.C.S.

■ Appellant did specifically allege venue facts in its petition. In its controverting affidavit it referred to its petition and made the petition a part of the controverting affidavit "as fully and to all intents and purposes as if the same were copied herein verbatim." This was sufficient. See 43–B Tex.Jur. 320–322 and cases there cited. Appellee's second counterpoint is overruled.

The judgment of the trial court sustaining appellee's plea of privilege is reversed and judgment is here rendered overruling said plea of privilege.