**SHELL OIL COMPANY, Appellant,**

v.

**Max GREENBURG, Appellee.**

**No. 14263.**

Court of Civil Appeals of Texas.

San Antonio.

June 3, 1964.

Rehearing Denied July 8, 1964.

Lloyd, Lloyd, Dean & Ellzey, Alice, and Abraham Kazen, Jr., Laredo, for appellant.

Fansler & Fansler, Laredo, for appellee.

POPE, Justice.

This case arises under Section 4, Article 1995, Vernon's Ann.Civ.St. Max Greenburg filed suit in Webb County against Tide Products, Inc., of Hidalgo County; Farmer's Fertilizers & Insecticides Supply, Inc., of Webb County; and Shell Oil Company of Harris County. The first two defendants filed no pleas of privilege. Shell is a resident of Harris County and it has appealed from an order overruling its plea to be sued there. Plaintiff proved all venue facts, including a bona fide claim, against the resident defendant. To hold Shell, the non-resident, plaintiff then relied upon his pleadings alone to show that the action was a joint one or that it was intimately connected with the action against Shell. The issue is whether under Section 4, Art. 1995, it takes evidence or merely pleadings to tie the non-resident to the resident against whom an action is proved. We hold that the trial court properly looked to the pleadings.

Greenburg proved that the resident defendant supplied him with some Shell DD Soil Fumigant, but he lost his crops because it failed to rid his land of an infestation of nematodes. Shell argues that plaintiff failed to prove by evidence that Shell delivered the fumigant, made any agreements about it, was paid anything for it, or had anything to do with it. It reasons that the proof shows a claim solely against the resident defendant, and that the proof negatives an action against Shell. In our opinion, Shell contends for more than the rules require. Evidence is not necessary at all with respect to the claim alleged against the non-resident. Once there is evidence of a claim against the·resident, resort is then made to the pleadings to see if the action is joint, or is intimately connected, with that alleged against the non-resident.

In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, the Commission of Appeals considered three certified questions. The third one asked whether a non-resident's plea of privilege should be overruled even though the evidence of the action against the resident disclosed that the plaintiff had no cause of action at all against the non-resident. The case stated some simple rules: A cause must be proved against the resident defendant by evidence, but evidence is irrelevant as a venue fact with respect to the non-resident. 1 McDonald, § 4.11, p. 344. One examines the pleading to see if the non-resident may be held. The non-resident may be held if there is a joint cause alleged or if the cause against the resident grows out of the same transaction and is so intimately connected with the cause of action against the non-resident that the two should be joined under the rules intended to avoid a multiplicity of suits.

The pleadings assert that Shell is the manufacturer of the product, and that defendants impliedly covenanted that the product when properly applied would rid the land of the nematode infestation. Since the plaintiff proved a cause against the resident dealer and the pleadings assert an intimate-

ly connected cause against Shell, the manufacturer. Shell's plea of privilege was properly overruled. International Milling Co. v. Jernigan, Tex.Civ.App., 191 S.W.2d 526; Griggs Canning Co. v. Josey, Tex.Civ. App., 165 S.W.2d 201.

The judgment is affirmed.