Jerome SMISER, Appellant,

v.

PETROLEUM REFINING COMPANY et al.,
Appellees.

No. 3995.

Court of Civil Appeals of Texas.

Eastland.

Dec. 17, 1965.

Rehearing Denied Jan. 14, 1966.

Escar A. Wren, Houston, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

WALTER, Justice.

Petroleum Refining Company and Fidelity Casualty Company of New York filed suit against Jerome Smiser and others. They alleged the defendants were officers and directors of the Petroleum Products Company before its assets were sold and the corporation dissolved or, in the alternative, that defendants benefited from the transaction of which the plaintiffs complain. The plaintiffs further alleged that just prior to dissolution of the Petroleum Products Company, its assets, excepting accounts receivable, were sold to Petroleum Refining Company; that thereafter an agent of the defendants, who was also working for the plaintiffs, transferred $30,982.13 to Petroleum Products Company without the knowledge or consent of plaintiffs; that defendants knew or should have known that Petroleum Products Company had no claim to the money, but they allowed this money to be received and retained it. Plaintiffs further pleaded that the retention of this money

constituted an unjust enrichment and, in the alternative, constituted money had and received. Plaintiffs pleaded a joint and several cause of action against all defendants. Smiser filed a plea of privilege and the other defendants filed answers.

Plaintiffs controverted Smiser's plea of privilege and relied upon subdivision 4 of Article 1995, Vernon's Ann.Texas Civil Statutes. The court overruled the plea of privilege and Smiser has appealed.

■ Appellant's point that the court erred in overruling his plea of privilege because appellees' cause of action was barred by the two year statutes of limitation cannot be sustained. The defense of limitation, if properly pleaded, would be a proper matter to consider in a trial on the merits, but it is not material in a venue case.

■ In order to maintain venue under subdivision 4 of article 1995, Vernon's Ann. Revised Civil Statutes, the plaintiff must establish by a preponderance of the evidence (1) that one of the defendants resides in the county where the suit is filed and (2) that he has a cause of action against the resident defendant. He must also allege facts showing that the non-resident defendant is properly joined in the suit but he need not prove a cause of action against the non-resident defendant. Ladner v. Reliance Corporation et al., 156 Tex. 158, 293 S.W. 2d 758; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ Appellant's point that the court erred in overruling his plea of privilege because there was no evidence that appellees had a cause of action against him is without merit. Appellees had no burden to prove a cause of action against the non-resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Shell Oil Company v. Greenburg, Tex.Civ.App., 380 S.W.2d 758, (no writ history).

■ We find that the record contains some evidence of probative force in support of the court's finding that appellees proved a cause of action against one of the resident defendants. Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686. Smiser was a proper party, as shown by appellees' petition. In Shell Oil Company v. Greenburg, 380 S.W. 2d 758, the court said:

"Evidence is not necessary at all with respect to the claim alleged against the non-resident. Once there is evidence of a claim against the resident, resort is then made to the pleadings to see if the action is joint, or is intimately connected, with that alleged against the non-resident."

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.