TRANS-SOUTH HYDROCARBONS
COMPANY, Appellant,

v.

TRINITY INDUSTRIES, INC., Appellee.

No. 16937.

Court of Civil Appeals of Texas.

Dallas.

July 14, 1967.

Rehearing Denied Sept. 29, 1967.

Edwin M. Sigel, of Childs, Fortenbach, Beck & McClure, Houston, for appellant.

John D. Crawford and Richard G. Rogers, of Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Venue action involving subdivision 5, Art. 1995, Vernon's Ann.Civ.St. Suit was instituted in Dallas County by Trinity Industries, Inc. against Trans-South Hydrocarbons Company upon a verified open account. Plaintiff alleged that its predecessor, Trinity Steel Company, Inc., had sold and delivered to defendant certain equipment, more particularly described as an 18,000-gallon Propane Storage Tank. Defendant filed its plea of privilege to be sued in Harris County, its domicile. Plaintiff responded with a controverting plea in which it was asserted that by reason of a written contract between the parties the obligation of defendant was performable expressly in Dallas County and therefore venue was properly laid in such county perforce subdivision 5, Art. 1995, V.A.C.S. The written contract relied upon by plaintiff in its controverting plea was referred to in plaintiff's first amended original petition as being an invoice dated October 29, 1965, mailed by plaintiff to defendant and containing a provision for payment in Dallas County.

The trial court, sitting without a jury, overruled defendant's plea and this appeal follows.

The facts are virtually without dispute. On January 22, 1965 appellee's predecessor, Trinity Steel Company, Inc., prepared and mailed to appellant at its offices in Houston, Harris County, Texas, its written confirmation of a telephone quotation of the same date. This written confirmation contained a complete description of one 18,000-gallon Propane Storage Tank, complete with basic fittings and magnetron float gauge, the price being $5,761, with truck freight allowed to Eagle Pass, Texas. Apparently the offer for the sale of the tank in question was not immediately accepted by appellant. Mr. John Hardin, the Assistant Secretary of appellee corporation, testified that the offer would have had to be accepted some time prior to the time of fabrication of the tank and that this process would have normally consumed from four to six weeks. From the invoice subsequently mailed it was indicated that the order for the tank was "entered" on May 26, 1965. Mr. Hardin was not positive whether the offer was accepted by means of a written instrument or orally but he was certain that it was accepted. Subsequent to the fabrication of the tank it was then shipped, at the instruction of the appellant, to Fletcher Butane Company at Eagle Pass, Texas. The tank was received by Fletcher Butane Company in Eagle Pass, Texas and receipted for by an employee of that company. Thereafter, on October 29, 1965, appellee's predecessor prepared and mailed to appellant at Houston, Texas the invoice which contained a description of the tank sold and the price therefor, including transit charges, and designating payment in Dallas, Texas. It is undisputed that this invoice was not signed or acknowledged by appellant or anyone on its behalf. The invoice was not paid and this action followed.

On the hearing of the plea of privilege appellee introduced the written confirmation of the telephone offer, dated January 22, 1965; the bill of lading to Fletcher Butane Company at Eagle Pass, Texas; the invoice from Trinity Steel Company, Inc. to Trans-South Hydrocarbons, Inc. on October

29, 1965; an invoice from Trinity Steel Company, Inc. to Trans-South Hydrocarbons, Inc. dated December 30, 1964; and the oral testimony of one witness, Mr. John H. Hardin. Mr. Hardin testified that the transaction between the two companies was a completed one prior to the time the invoice was mailed to appellant corporation on October 29, 1965.

As to the course of business dealings between the two companies prior to the one in controversy, Mr. Hardin testified that an invoice dated December 30, 1964, as well as others, had been sent to appellant company but that he could not testify where they had been paid.

## OPINION

■ Subdivision 5 of Art. 1995, V.A.C.S., provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where defendant has his domicile. The contract relied upon for venue purposes must be proved and must be the real obligation relied upon to form the basis of the cause of action. Thompson v. Republic Acceptance Corp., 388 S.W.2d 404 (Tex.Sup.1965); Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex. Civ.App., Corpus Christi 1964); and Pinkston-Hollar, Inc. v. Big Three Welding Supply Co., 378 S.W.2d 715 (Tex.Civ.App., Fort Worth 1964).

■ The cases are uniform in holding that it is not necessary, in order to constitute a "contract in writing", that the agreement be signed by both parties; that one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. Vinson v. Horton, 207 S.W.2d 432 (Tex.Civ.App., Texarkana 1947); Dowdell v. Ginsberg, 244 S.W.2d 265 (Tex.Civ.App., Fort Worth 1951); Gottlieb v. Dismukes, 230 S.W. 792 (Tex. Civ.App., Austin 1921); Universal Mills v. Lasseter, 87 S.W.2d 343 (Tex.Civ.App., Fort Worth 1935); Harrison v. Facade, Inc., 355 S.W.2d 543 (Tex.Civ.App., Dallas 1962).

Appellee contends that it has satisfied the burden of proof cast upon it by introducing in evidence the invoice dated October 29, 1965 which expressly contained a provision for payment in Dallas County. It further contends that the written invoice, received by appellant corporation in Harris County and accepted by it amounted to the consummation of the contract of sale between the parties and therefore justified the trial court in finding impliedly that there was a written contract between the parties expressly conferring venue in Dallas County, Texas. In support of its contention appellee relies upon the rule announced in Dowdell v. Ginsberg, 244 S.W.2d 265 (Tex.Civ. App., Fort Worth 1951) and followed by this court in Harrison v. Facade, Inc., 355 S.W.2d 543 (Tex.Civ.App., Dallas 1962).

Appellant contends that there is no evidence to justify the trial court's implied finding that there was a contract in writing between the parties but on the contrary the invoice relied upon by appellee came subsequent to the consummation of a completed oral agreement between the parties and therefore cannot form the basis of an exception to the venue statute. Appellant relies upon the rule announced in Ferguson v. Sanders, 133 S.W.2d 806 (Tex.Civ.App., Dallas 1939); Smith Grain Co. v. H. H. Watson Co., 285 S.W. 868 (Tex.Civ.App., San Antonio 1926); and Back v. Radio City Distributing Co., 286 S.W.2d 672 (Tex.Civ. App., Dallas 1956).

We agree with appellant that a careful examination of the record in this case reveals that there is no evidence to support appellee's contention, and implied finding of the trial court, that the written invoice relied upon by appellee was such a contract between the parties as would confer venue in Dallas County. We think the case falls clearly within the rule announced in the authorities relied upon by appellant. The

cases relied upon by appellee, while clearly sound, involve a different factual situation than here presented and are therefore not controlling.

■ The paramount question is whether the agreement between the parties to this sales transaction was completed in every detail prior to the time the invoice was mailed on October 29, 1965. We think the record demonstrates that it was. Appellee corporation had mailed to appellant a written confirmation which included the measurements of the tank in question together with the price to be paid therefor. Later appellant accepted these terms, ordered the tank to be fabricated and delivered to Eagle Pass, Texas. The tank was fabricated and delivered pursuant to these instructions. This amounted to a completed contract. Nothing was left open or undone except payment of the amount previously agreed upon. As of this time no place of payment had been designated or agreed upon which could confer venue other than at place of residence of purchaser. This brings the case clearly within the language used by Justice Looney of this court in Ferguson v. Sanders, supra, wherein he said:

> "The parol agreement having been consummated, without mentioning the place of its performance, we do not think the Corporation could add a venue provision, by language incorporated in the invoice, afterwards mailed to the defendants, * * *."

In Harrison v. Facade, Inc., supra, we recognized both rules and found that in that case the contract had not been completed prior to the invoice.

Appellee's position cannot be defended by its contention of a previous course of dealing between the parties for the simple reason that there is no evidence in this record that appellant paid prior invoices representing other transactions with appellee in Dallas County.

There being no evidence in this record that appellee sustained its burden of proof to maintain venue in Dallas County, the judgment of the trial court must be reversed.

Appellant's points of error are sustained and the judgment of the trial court is reversed and remanded with instructions to sustain the plea of privilege filed by Trans-South Hydrocarbons Company.

Reversed and remanded.