**McMILLAN CONSTRUCTION CO. et al.,
Appellants,**

v.

**S. H. PIERCE, dba Combination Motors &
Salvage, Appellee.**

**No. 7903.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 3, 1969.

Rehearing Denied March 10, 1969.

Evans, Pharr, Trout & Jones, and Carlton B. Dodson, Lubbock, for appellants.

Jas. A. Gowdy, Littlefield, for appellee.

JOY, Justice.

This is an appeal from the action of the District Court overruling the pleas of privilege filed by appellants herein.

The record reflects that Marion E. Gregg and Kenneth Barr were trucking subcontractors to McMillan Trucking Company, and McMillan was a subcontractor to Kerr Construction Company, the prime contractor on a public road project in Bailey County, Texas. U. S. Fidelity & Guaranty Corp. was the bonding company for the project. S. H. Pierce, dba Combination Motors & Salvage performed certain repair work on and furnished parts for Gregg's 1961 Chevrolet truck on dates of 10 and 19 of October, 1967. Pierce also did certain repair work on and furnished parts for Barr's 1964 Ford truck on the 3rd and 12th days of November, 1967. Upon Gregg and

Barr's failure to pay Pierce's bills after submission, Pierce filed suit against Gregg, Barr, McMillan and Kerr and U. S. F. & G. Corp. Notice in writing by Pierce's attorney was mailed to Kerr, the prime contractor, on January 25, 1968, and to defendants, McMillan and U. S. F. & G. at later dates.

Kerr, McMillan and U. S. F. & G. Corp. contend under their points of error one through three that appellee did not bring himself under Art. 5160 and further, that he failed to give notice as required by Art. 5160, subd. B(b) (2).

■ We find from the record that plaintiff alleged and proved sufficient facts to bring the action under Art. 5160. This court in Cole v. Western Brick & Supply Co. (Amarillo C.A.) Tex.Civ.App., 364 S.W.2d 761 (dism'd) enumerated the following as venue facts: (1) that the suit is brought under 5160, (2) that the District Court of (Yoakum) County was the court of competent jurisdiction and (3) that the project or work was situated in the (Yoakum) County. Herein Pierce has conformed to those requirements by (1) bringing the action under Art. 5160, (2) alleging jurisdiction in the District Court of Bailey County in the requisite dollar amount and (3) establishing that the project or work on the public road was in Bailey County.

■ The real crux of this case lies in the determination as to whether or not the giving of notice as prescribed in Art. 5160, subd. B(b) (2) is (1) a defensive issue to be raised at a trial on the merits or (2) a venue matter that can be urged in a plea of privilege. We agree with the proposition as stated in 34 Am.Jur. P. 15, Footnote 1, citing Hay v. City of Baraboo, 127 Wis. 1, 105 N.W. 654, 3 L.R.A.,N.S., 84, 115 Am.St.Rep. 977 to wit: "Any law which creates a condition of the enforcement of a right to be performed within a fixed time is a statute of limitations."

■ Having concluded, as we do, that the notice provision contained in Art. 5160,

subd. B(b) (2) is in effect a statute of limitation, and a statute of limitation being a defensive matter that cannot be properly injected into a plea of privilege hearing [60 Tex.Jur.2d Sec. 200, P. 23, Footnote 15, citing American Casualty Co. v. Bailey (Tex.Civ.App.) 129 S.W.2d 338 (n. w. h), Heldt v. Martin (Tex.Civ.App.) 368 S.W.2d 9, (dism'd w. o. j.), Newman v. Texas Farm Products Co. (Tex.Civ.App.) 346 S.W.2d 151, (n. w. h.) and Smiser v. Petroleum Refining Co., (Tex.Civ.App.) 398 S.W.2d 177 (n. w. h.)], we are of the opinion that appellants cannot properly raise the point herein.

Appellants point out that the case of Harry Newton, Inc. v. Broaddus, Tex.Civ.App., 372 S.W.2d 950, (Austin C.A., 1963, n. w. h.) is in conflict with this decision and this court's decision in Cole v. Western Brick & Supply Co., supra, and we agree. We prefer the reasoning contained in the able dissent of Justice Hughes in that case. In Harry Newton, Inc. v. H. Richards Oil Co., Tex.Civ.App., 385 S.W.2d 893, a later case rendered by the Austin C.A., (n. w. h.), the court states at page 897:

"Appellants undertake to demonstrate that of the amount claimed as due in such notice and here sued for only the amount of $3,212.74 is a legal obligation of Harry Newton, Inc. and Commonwealth.

"It is our opinion that this is a matter relating to the merits of the case and not triable on a venue hearing. We, therefore, and without expressing any opinion on the validity of the contentions made, overrule the points under discussion."

Having decided that this case comes under Art. 5160 and not Art. 1995, the general venue statute, we find it unnecessary to rule on appellants' points four through seven.

The judgment of the trial court in overruling appellants' pleas of privilege is affirmed.