**PIT CONSTRUCTION COMPANY et al., Appellants,**

v.

**WEST TEXAS EQUIPMENT COMPANY, Appellee.**

No. 8356.

Court of Civil Appeals of Texas, Amarillo.

April 30, 1973.

Rehearing Denied May 21, 1973.

William D. Winston, Lufkin, for appellants.

Stokes, Carnahan & Fields, Richard L. Wilcox, Amarillo, for appellee.

JOY, Justice.

This is an appeal from an order of the trial court overruling appellants' plea of privilege. Reversed and remanded.

Appellee, West Texas Equipment Company, brought suit in the District Court of Donley County against Pit Construction Company, principal, and National Automobile and Casualty Insurance Company, surety, to recover for labor, materials and supplies furnished to Alton B. Lively, dba Lively Construction Company, an alleged subcontractor of Pit Construction Company, and used on a construction project, and for statutory attorney's fees.

Appellants filed a plea of privilege in which it was alleged that Pit Construction Company was a Texas corporation with its residence in Angelina County and that National Automobile was a California corporation with its principal location in Dallas County, Texas. The appellants prayed that the cause of action be removed to Angelina County, Texas. Appellee filed a controverting affidavit into which its original petition was incorporated by reference. Appellee contended that suit had been instituted under the provisions of Art. 5160, Vernon's Ann.Civ.St.; that Section G of that Article provides, "All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated"; that part of the project was located in Donley County, consequently, proper venue was in Donley County. After a hearing on the venue question appellants' plea was overruled.

Appellants presented seven points of error; however all seven points are so closely related it is necessary to consider all seven together. In essence the appellants contend that the trial court erred in overruling their plea of privilege based upon appellee's failure to produce evidence of a cause of action against appellants, and that appellee failed to plead and prove the necessary venue facts to bring the action under art. 5160(G),[1] and finally, the appellee failed to introduce evidence to establish venue in Donley County.

In a venue hearing, the plaintiff, to defeat a plea of privilege, must both plead and prove the facts relied upon to bring the case within the exception. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91 (1935). It is appellee's contention that its pleadings are sufficient *proof* that suit was brought under Article 5160. Appellee contends that proof of a cause of action is not necessary to satisfy the venue requirements in that such would go to the merits and is not properly an issue in a venue hearing. In the case of

1. All article references are to Vernon's Annotated Civil Statutes.

Cole v. Western Brick & Supply Company, 364 S.W.2d 761 (Tex.Civ.App.—Amarillo 1963, writ dism'd), wherein the venue facts necessary to maintain venue under Art. 5160 were set out, there were not only pleadings that the action was brought under 5160, but also stipulations in evidence that the materials in question were actually delivered to the project. In the case of McMillan Construction Co. v. Pierce, 438 S.W.2d 372 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e. at 446 S.W.2d 867), this court found from the record that plaintiff had alleged and *proved* sufficient facts to bring the action under Art. 5160. In *Pierce* a subcontractor/contractor relationship was proved, and in addition, that labor and materials were furnished. After a review of Art. 5160, in light of the above cases, we are of the opinion that the plaintiff's burden on a venue hearing is to allege and prove the following: (1) that the suit was instituted in a court of competent jurisdiction; (2) that the project or work, or any part thereof, was situated in the county wherein suit was brought; and (3) that the plaintiff furnished labor or materials to a party that performed a part of the work or services upon the project or work in the county. Appellee in the instant case pled that it had delivered materials to Lively Construction Company and that Lively Construction Company was a subcontractor of appellants. Appellee introduced no evidence that those materials were used on a project of which all or a part thereof was in Donley County, nor was there any evidence that Lively Construction Company was a subcontractor of appellants. The pleadings alone are insufficient to *prove* the second and third requirements and evidence must be introduced thereon to bring the action under the special venue provisions of Art. 5160. Consequently, we find that it failed to sustain its burden to prove the required venue facts in order to maintain suit in Donley County.

Included in appellants' plea of privilege were two special exceptions which were not made subject to the plea of privilege. Appellee by way of counterpoint contends that by not making such special exceptions subject to the plea of privilege, by praying judgment of the court on one of the exceptions, and by urging the special exception before determination of the plea, appellants waived their plea of privilege. The general rule in Texas is that a plea of privilege will be waived if the defendant, without first insisting upon its disposition, urges a special exception. However, this rule applies only when judicial power is invoked on a matter and in a manner which negates a continuing intent to insist upon the plea. 1 McDonald, Texas Civil Practice, Venue, § 4.40, p. 572. The record in this case reveals that the court called the hearing on the plea of privilege, the appellee announced ready and the appellants announced ready and added, "Please the Court, before we start, I would like to call it to your attention that we do have some Exceptions filed, the Defendant does, in connection with the Pleadings of the Plaintiff." There is nothing in the record to indicate that appellants requested any ruling on the special exceptions, nor that any ruling was made thereon. The court held in Geary, Hamilton, Brice & Lewis v. Coastal Transport Company, 399 S.W.2d 878, (Tex.Civ.App.—Dallas 1966, no writ), that since there was nothing in the record to indicate that the special exceptions were presented to the court for decision prior to hearing of the plea of privilege, the plea was not waived even though the special exceptions had been included in the plea of privilege and even though the exceptions were not made subject to the plea of privilege. Here we find that appellant did not present the pleaded special exceptions to the court for determination prior to the hearing on the plea; consequently, such plea was not waived.

The judgment of the trial court is reversed. Since the case was not fully developed, in the interest of justice we remand the case to the trial court for further proceedings.