Dr. N. L. WEST, Appellant,

v.

Mrs. Kathryn HUGHES, Appellee.

No. 5610.

Court of Civil Appeals of Texas, Waco.

Nov. 18, 1976.

**750** ■ 

W. C. Haley, Waco, for appellant.

John Gano, Houston, for appellee.

HALL, Justice.

This is a venue case involving Subdivision 4 of Article 1995, Vernon's Ann.Civ.St. It stems from a medical malpractice suit brought by appellee in McLennan County against Dr. Eldon B. Fine, who resides and practices medicine in McLennan County, the appellant (Dr. N. L. West), who resides and practices medicine in Hill County, and two other medical doctors and a hospital, all of Bell County. After a hearing without a jury, appellant's controverted plea of privilege to be sued in Hill County was overruled. He appeals. We reverse and render.

Subdivision 4 of Art. 1995 provides, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." It is settled that to obtain the benefits of this venue provision against a nonresident defendant, the plaintiff must (1) plead and prove that one defendant resides in the county of suit; (2) allege in his petition a joint cause of action against the resident and nonresident defendant, or at least a cause against both defendants growing out of the same transaction and so intimately connected that the two may be joined under the rule intended to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant. *Richardson v. D. S. Cage Co.,* 113 Tex. 152, 252 S.W. 747, 749 (1923). It is equally settled that only the allegations in the plaintiff's petition, and not independent proof, are looked to in determining whether venue fact number (2), above, has been established; but that independent evidence is looked to on (1) and (3). *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300, 1304 (1936).

In his first point of error, appellant asserts appellee failed to prove a cause of action against Dr. Fine, the resident defendant. We agree.

The proof adduced on the plea of privilege shows that appellee began having severe pain in her hip and leg while at work on June 20, 1972; that the next day she went to see Dr. Fine at his office in McLennan County for diagnosis and treatment, and saw him intermittently thereafter through July 27, 1972; that during that time she was hospitalized by Dr. Fine; that Dr. Fine diagnosed her problem as "low-back pain with sciatica" and treated her for it in standard fashion with muscle relaxants, analgesics, anti-inflammatory medication, and wet and dry heat; that during the time she was seeing Dr. Fine, and thereafter, she was also consulting Dr. West at his office in Hill County and the other doctors at the hospital in Bell County for the same problem; that they also diagnosed and treated her problem as low-back

pain and sciatica; that none of the doctors knew she was seeing the others while they treated her; that, in October, 1972, it was learned from an X-ray (made for the first time while the appellee was in a standing position) that the femur in her left hip was broken; and that surgery was then performed on the hip from which she gained relief. Dr. Fine readily conceded that the treatment he prescribed for appellee while she was seeing him from June 20th through July 27th, would not have been proper for a broken hip. Other evidence shows that the examination and treatment of appellee by Dr. Fine involved detailed physical and neurological testing and findings such as tracing and investigating nerve paths and anatomical nerve distribution, heel and toe walking by appellee, hip rotation, interpretation of back X-rays made in his office and back and hip X-rays made in the hospital, drug therapy, and other technical medical procedures.

The gist of appellee's cause of action against Dr. Fine is that she in fact had a fractured hip when she first went to him in June, 1972, and that he negligently failed to diagnose it and negligently treated it. The only evidence that the hip was fractured when appellee first went to Dr. Fine is her testimony based upon the location and intensity of pain at that time, lack of relief from his treatment and ultimate relief from the surgery, and the manner in which she believed she injured the hip. There is no medical proof that Dr. Fine's diagnosis of low-back pain with sciatica was negligence, or that his treatment based upon that diagnosis was negligence.

A plaintiff has no cause of action against a doctor for malpractice, either in diagnosis or recognized treatment, unless he proves by a doctor properly qualified by his school of practice to give evidence on the matter that the diagnosis or treatment complained of was such as to constitute negligence, and that it was a proximate cause of the patient's injuries; and without the expert testimony, there is no evidence of malpractice in cases of this nature. *Hart v. Van Zandt,* 399 S.W.2d 791, 792, 797 (Tex.

Sup.,1966); *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 782 (1949).

The remaining points of error, which deal with questions of limitation and whether appellee pleaded a joint or "intimately connected" cause of action against appellant and Dr. Fine, are without merit and are overruled. Appellee's petition is worded in very general language and was not excepted to. Considered most favorably toward appellee's position, it must be reasonably construed as setting forth a single transaction, joint cause of action against all of the defendants (although independent proof on the venue hearing shows this is not so). The limitations question goes to the merits of the case and cannot be used to defeat a venue exception otherwise proved against a defendant on a plea of privilege hearing. *Newman v. Texas Farm Products Company,* 346 S.W.2d 151, 152 (Tex.Civ.App.—Beaumont 1961, no writ hist.); 60 Tex.Jur.2d 22–23, Venue, § 200.

Because appellee failed to prove a cause of action against the resident defendant, the order overruling appellant's plea of privilege is reversed, and judgment is rendered transferring the cause alleged against the appellant to the District Court of Hill County.