## O'BRIEN et al. v. SMITH et al.
### No. 2838.

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1935.

M. M. O'Banion, of Marshall, for appellants.

Wynne & Wynne, of Longview, for appellees.

HIGGINS, Justice.

This suit was filed in Kaufman county. All of the defendants except Prothro filed pleas claiming the right to be sued in Gregg county. In December, 1931, the pleas of privilege were overruled, from which order an appeal was prosecuted to the Court of Civil Appeals at Dallas. At a subsequent term of the district court of Kaufman county the case was tried upon its merits, resulting in judgment in favor of the plaintiffs, from which judgment the defendants prosecuted an appeal to the Dallas Court of Civil Appeals. Thereafter the last-mentioned appeal was transferred to this court by an equalization

460

order, of the Supreme Court. Disposition of this appeal was postponed by this court pending disposition by the Dallas Court of the appeal from the order overruling the pleas of privilege. The Dallas Court has recently disposed of the appeal from the order overruling the pleas of privilege by reversing such order and ordering the cause transferred to Gregg county. See Prothro v. Smith (Tex. Civ. App.) 77 S.W.(2d) 759. The ruling of the Dallas Court establishes that the trial court erred in assuming jurisdiction to try the case upon its merits. It was without jurisdiction to do so. Slaughter Co. y. Slaughter (Tex. Civ. App.) 288 S. W. 1107, and cases there cited.

This appeal is from the final judgment upon the merits. The merits were not rightfully before the lower court for determination, and for this reason they are not properly before this court for decision. Slaughter Co. v. Slaughter, supra.

For the error of the court in assuming jurisdiction to try the case upon its merits the judgment will be reversed and the cause remanded, to the end that the case may be tried upon its merits in Gregg county, to which county the venue has been ordered changed by the Dallas Court of Civil Appeals, as heretofore stated.

Reversed and remanded.