FAY GOOLSBY ET AL V. JOEL R. BOND ET AL.

No. 7836. Delivered March 18, 1942.
(___ S. W., 2d Series, ___.)

*Jones & Jones,* of Mineola, for relators.

When it is disclosed by pleading or proof that a suit which purports to be a partition proceeding, is not such proceeding but is in fact a suit to try title to land and the interest therein, the only court having jurisdiction of such suit is the district court in the county where the land is situated. Tidewater Oil Co. v. Bond, 135 Texas 334, 143 S. W. (2d) 751.

On the matter of a plea of privilege being an interlocutory proceedings which cannot be brought to the Supreme Court on writ of error and on the matter of conflict see Black v. Black, 82 S. W. (2d) 1073 and Pena v. Sling, 135 Texas 200, 140 S. W. (2d) 441.

*Lee A.* and *Allen Clark,* and *B. F. Vaughn,* all of Greenville, for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a mandamus action, filed directly in this Court by Fay Goolsby, C. P. McKnight, Frank C. Biggs, Alice Pemberton, Leona Sherrill, Mildred Butler, W. J. Butler, Laura Delaney, Lloyd Delaney, Robert L. Pemberton, and J. H. Goolsby, as relators against Chief Justice Joel R. Bond and Associate Justices B. F. Looney and Towne Young, composing the mem-

bership of the Court of Civil Appeals at Dallas. Also, the petition for mandamus joins as parties the respondents, Rice Wood, Trustee, Walter H. Bush, and Shell Petroleum Corporation.

On August 2, 1938, Rice Wood, as trustee in bankruptcy of the estate of Samuel Barry Brooks, bankrupt, filed a partition suit in the District Court of Hunt County, Texas, against the above-named relators, and also against Walter H. Bush and Shell Petroleum Corporation. Wood's petition in the district court alleged that the plaintiffs and defendants were joint owners and claimants of a certain tract of land situated in Andrews County, Texas, fully described in the petition. The petition alleged that Wood, as trustee, owned an undivided one-half interest in the land, and that the defendants J. H. Goolsby and Fay Goolsby were asserting to own an undivided one-third adverse interest in the land, and that they sought to recover title thereto. The petition then alleges that the defendants Alice Pemberton, Leona Sherrill, Laura Delaney, and Mildred Butler asserted an undivided one-third adverse interest in this land. The petition further alleges that the other defendants above named are asserting some character of adverse claim and interest in this land, well known to them, but unknown to the plaintiff. It is then alleged that the land is susceptible of partition in kind.

The petition further alleges: That the defendant Fay Goolsby is a nonresident of Texas, and that her residence is unknown; that the defendant C. P. McKnight resides in Smith County, Texas; that the defendants Alice Pemberton, Leona Sherrill, Mildred Butler, W. J. Mutler, Laura Delaney, Lloyd Delaney, and Walter H. Bush all reside in Hunt County, Texas; that the defendant Robert L. Pemberton is a nonresident of Texas, and that his residence is unknown; that the defendant Frank C. Biggs resides in Harris County, Texas; and that the Shell Petroleum Corporation is a corporation duly incorporated, with its office and agent in Harris County, Texas.

The prayer to the petition is as follows:

"WHEREFORE, the premises considered, plaintiff prays that the defendants be cited to appear and answer this petition and that on hearing hereof the respective interests of the parties to the land above described be ascertained, established and adjudicated; that commissioners to partition and divide said land be appointed as required by law; that said land be divided

as the law requires and for such other relief, general and special as plaintiff may be entitled to in the premises."

The defendants Fay Goolsby, C. P. McKnight, Frank C. Biggs, Alice Pemberton, Leona Sherrill, Mildred Butler, W. J. Butler, Laura Delaney, Lloyd Delaney, Robert L. Pemberton, and J. H. Goolsby, relators herein, duly and timely filed their plea of privilege or venue in the district court. In this plea of privilege or venue it was sought to move the venue of this case to the District Court of Andrews County, Texas, where the land here involved is located. Such plea of privilege or venue was in due statutory form. Also, such plea went further than the statute requires, and alleged that, through purporting to be a suit for partition of real estate, this suit was really in truth and in fact one for the recovery of the title to this land as against these relators, and that the plaintiff owns no interest in such land.

In due time Wood filed his controverting affidavit to the plea of privilege above described. In such controverting affidavit Wood alleged: That the defendants Alice Pemberton, Leona Sherrill, and Walter H. Bush each reside in Hunt County, Texas, and there resided at the time this suit was filed; that the defendants Alice Pemberton and Leona Sherrill assert an adverse claim to, or adverse interest in, the land here involved and described in the plaintiff's petition; that they each seek to recover title to the same; that their claims and interest in this land so asserted by defendants and the title so sought to be recovered are all adverse to the rights of the plaintiff in said property. It is then alleged that the defendant Walter H. Bush resides in Hunt County, Texas, where this suit was filed.

Wood's controverting affidavit further alleges that the District Court of Hunt County, Texas, has jurisdiction of this suit under the provisions of Subdivisions 4 and 13 of Article 1995, R. C. S. 1925, and that the jurisdiction of this suit is not governed by Subdivision 14 of Article 1995, R. C. S. 1925, as asserted in the above-mentioned plea of privilege.

The controverting affidavit denies that Wood is guilty of any fraud in attempting to lay venue in this case in the District Court of Hunt County, Texas, and says that if anyone is guilty of fraud it is those who seek to change the venue.

The controverting affidavit further states that this is a suit to partition land under Title 104, Revised Civil Statutes of

Texas. The affidavit also makes Wood's petition a part thereof. The prayer asks that the plea of privilege be overruled, and for general and special relief.

The defendant Walter H. Bush filed an answer to Wood's petition, in which he alleged that he, Bush, was an owner of an undivided one-half interest in this land. Otherwise, Bush adopted the allegations contained in Wood's pleadings.

On October 20, 1938, a hearing was had on the above-described plea of privilege or venue, together with Wood's controverting affidavit thereto. Evidence was introduced by the several parties. At the close of the hearing the district court overruled the plea of privilege. These relators duly excepted and perfected appeal to the Court of Civil Appeals at Dallas. On final hearing in that court the judgment of the district court was affirmed. 131 S. W. (2d) 1052. The case is before the Supreme Court on petition for mandamus to compel the Court of Civil Appeals to certify questions of conflict. In this connection, it is contended that the decision of the Court of Civil Appeals in this case is in conflict with the opinion of this Court in Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113. It is further contended that the opinion of the Court of Civil Appeals in this case conflicts with the opinion of the same court in Black v. Black, 82 S. W. (2d) 1073. Since we are of the view that the opinion of the Court of Civil Appeals is in conflict with the opinion of this Court in the Shell Petroleum Corporation case, supra, we shall not again refer to the Black case, supra.

■ As already shown, Wood's affidavit, controverting the plea of privilege or venue filed by these relators, makes his, Wood's, petition in the district court a part of such controverting affidavit. We therefore treat the two pleadings as one, and as together constituting the controverting affidavit. An examination of the controverting affidavit will disclose that Wood therein affirmatively states that he has invoked the jurisdiction of the District Court of Hunt County, Texas, to try, as against these relators, a disputed issue of title. Wood's controverting affidavit contends that the provisions of Section 13, as amended, of Article 1995 of our 1925 Civil Statutes, relating to venue in partition suits, gives the District Court of Hunt County, Texas, venue of this suit, because some of the defendants reside in such county; notwithstanding the fact that the land involved is situated in Andrews County, Texas, and notwith-

standing the fact that the suit involves a disputed issue of title against these relators.

An examination of the opinion of the Court of Civil Appeals will disclose that it holds in accordance with Wood's contention as above set out.

In this action the relators contend that the ruling of the Court of Civil Appeals, above indicated, is in conflict with the ruling of this Court in Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113. We sustain this contention.

■■ In the Shell Petroleum Corporation case, supra, we held, in effect, that the venue of a partition suit lay in the county where the land was situated, if the suit also involved a disputed issue of title. In the case of Pena v. Sling, 135 Texas 200, 140 S. W. (2d) 441, 128 A. L. R., 1223, we again carefully reviewed and considered the question of venue under Section 13, as amended, of Article 1995, and held that Section 13 does not operate to give venue in land partition suits outside the county where the land is situated, if the suit involves a disputed issue of the title to such land. In the Pena opinion, supra, we discussed and considered the opinion in the Shell Petroleum Corporation case, supra, and demonstrated that it plainly held that, "under the terms of the last provision of Section 13 of Article 1995, 'Nothing herein shall be construed to fix venue of a suit to recover the title to land,' a partition suit to partition land must be brought in the county where the land is located, if in such suit jurisdiction of the trial court will be invoked by any party to recover land, or to try the title thereto." After making the above ruling, in which we, as shown, construed our opinion in the Shell Petroleum Corporation v. Grays case, we went further and again considered the construction of Section 13, as amended, of Article 1995, and again held that such statute does not confer venue outside the county where the land is situated, if the partition action brought thereunder involves a disputed issue of title. We still adhere to the views expressed in the Pena opinion.

We do not hold in this proceeding that we have the right to grant a mandamus herein on account of the conflict of the opinion of the Court of Civil Appeals with the Pena opinion, for the reason that the Pena opinion was delivered after the

opinion of the Court of Civil Appeals in this case. We simply refer to the Pena opinion because we therein construed the Shell Petroleum Corporation opinion in such a way as to demonstrate that the opinion of the Court of Civil Appeals in this case conflicts therewith. Of course, the opinion of the Court of Civil Appeals in this case conflicts with the Pena opinion.

■ After the plea of privilege in this case was overruled by the District Court of Hunt County, Texas, these relators perfected an appeal from such order to the Court of Civil Appeals at Dallas. After such appeal was perfected, the case was tried on its merits in the District Court of Hunt County, and judgment entered decreeing that these relators had no interest in this land. These relators perfected an appeal from such final judgment to the Court of Civil Appeals at Texarkana. The Dallas Court of Civil Appeals affirmed the judgment of the district court as to the plea of privilege, and overruled a motion for rehearing. Also, the Court of Civil Appeals overruled a motion to certify, timely filed. The Texarkana Court of Civil Appeals has entered judgment affirming the judgment of the district court in the main case, but has not passed on the motion for rehearing. The two appeals went to different courts of civil appeals because Hunt County is in two supreme judicial districts,—Dallas and Texarkana. (Article 198, Texas Civil Statutes.)

Wood and Bush have filed in this Court a pleading wherein the above facts are made known to us, and wherein it is contended that the judgment or order of the district court, overruling the plea of privilege filed by these relators in the case before the Dallas Court of Civil Appeals, should be affirmed, because the Texarkana Court of Civil Appeals has correctly ruled that these relators have no interest in this land. Such contention is beside the point. The law of venue of a land suit is in the county where the land is situated, and a plea of venue or privilege is filed to that effect, the district court of that county must be allowed to exercise original jurisdiction on all questions in the case, whether of law or of fact. It is true that where the trial court correctly overrules a plea of venue or privilege, it may proceed to trial of the case on its merits; but to do so is a rather risky procedure, because a reversal of the order overruling the plea of privilege must result, as a matter of course,

in the reversal of any judgment in the main case, if it is against the defendant who filed the plea of privilege. Cornell v. Cramer, 72 S. W. (2d) 397; O'Brien v. Smith, 80 S. W. (2d) 459.

It is ordered that the Court of Civil Appeals certify to this Court the question as to whether its opinion in this case conflicts with the opinion of this Court in the Shell Petroleum Corporation case, supra. In this connection, however, it is further ordered that if the Court of Civil Appeals will reverse its ruling affirming the order of the district court, and enter judgment reversing such order and directing that the venue of this case be changed to the District Court of Andrews County, Texas, it shall not be necessary to certify to this Court. Rule 475, Texas Rules of Civil Procedure.

Opinion delivered March 18, 1942.