CONTINENTAL FIRE & CASUALTY INS.
CORPORATION v. WHITLOCK.

No. 4563.

Court of Civil Appeals of Texas. El Paso.

May 12, 1948.

M. E. Clough, of Ft. Worth, and John T. Gano, of Dallas, for appellant.

Allen Clark, of Greenville, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the County Court of Hunt County. October 7th, 1947, appellee recovered a judgment against appellant for $235.00 together with interest thereon from June 13, 1947, at 6% per annum for loss occasioned by fire to an automobile insured under a standard automobile policy issued by appellant to one Griffis Heath as insured, with appellee as mortgagee named therein.

On April 28, 1948, appellant filed in this Court a verified motion urging that the judgment be reversed and the cause remanded, and as grounds therefor states:

"1. Said Appellant shows that it, as defendant, filed a plea of privilege in the trial Court to be sued in the county of its residence, to which plea the Appellee, plaintiff in the trial court, filed some attempted character of controverting affidavit, and which plea of privilege was heard, overruled and appeal perfected from such order to the Court of Civil Appeals at Dallas, from which Court it was transfered by the Supreme Court to the Court of Civil Appeals at Amarillo; said Appellant further shows that said plea of privilege hearing was heard prior to the trial of the case upon its merits, as required by law; Appellant further shows that the Honorable Court of Civil Appeals at Amarillo on Monday, March 29th, 1948, by its judgment and written opinion reversed and remanded said cause on said plea of privilege appeal; that said judgment and written opinion thereon are now final, fifteen days thereafter having now expired and no motion for rehearing having been filed by either party thereto in said cause."

Certified copies of the opinion and judgment of the Court of Civil Appeals at Amarillo, 210 S.W.2d 261, and a certificate of the Clerk of that Court dated April 19, 1948, stating that no motion for a rehearing was filed in that case, are attached to the motion. The motion further states:

"2. Said Appellant shows that after such plea of privilege had been heard and appeal perfected therefrom, that Appellee insisted upon a trial of the case on its merits,

762

and which the trial Court allowed over the protest and objection of this Appellant, made at and prior to the commencement of the trial of the case on its merits, in the following language, to-wit: 'Your Honor, the defendant is not ready. As your Honor remembers, plea of privilege in this cause was heard, overruled and we excepted to your Honor's ruling and appealed to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, Texas. Appeal is now pending and we are not ready to go to trial at this time.' "

The quoted portion of this statement appears in the Statement of Facts. Appellee has filed no answer to the motion within the time prescribed by Rule 409, Texas Rules of Civil Procedure.

In Texas & Pacific Railway Co. v. Wood, 211 S.W.2d 321, No. 4507, in an opinion handed down on March 4, 1948, we held that where suit is filed in a county where the defendant does not reside and defendant has filed a plea of privilege he is entitled to have the question of venue definitely settled by a judgment of the trial court which establishes venue and ultimately becomes final before he is forced to trial on the merits, and that the reversal of a judgment overruling such plea of privilege necessitates a reversal of any judgment rendered on the merits pending disposition of an appeal from an order overruling the plea of privilege.

We adhere to that ruling. Accordingly, appellant's motion is granted, the judgment of the trial court reversed and the cause remanded. The Clerk will furnish the parties with a copy of our opinion in cause No. 4507.

SUTTON, Justice (dissenting).

I am unable to agree to the disposition made of this case. The Amarillo Court of Civil Appeals has held the venue is properly in Hunt County and has reversed the order on the plea of privilege because of a defective pleading and remanded the case on the plea for a new trial thereon. This case is in all respects like that of Saladiner v. Polanco, Tex.Civ.App. 160 S.W.2d 531, and it is thought the holding on the point in that case is altogether sound and that it must from necessity have been approved by the Supreme Court, though the writ was denied for want of merit. It seems to me the Supreme Court could not have approved the judgment as correct in the Saladiner case, supra, without approving the holding on the point because that was a part of the judgment by the Court of Civil Appeals.

In the instant case if there was ever any doubt about the venue being properly laid in Hunt County that doubt is entirely eliminated now by the holding of the Court of Civil Appeals. The only essential is that the Court have venue to try the case and it is now determined that it did have it at the very time the case was tried on the merits. As observed in the Wood case in the concurring opinion by this writer to reverse this case on the sole ground there has been a reversal of the judgment is to impede, and even burden, the judicial process rather than expedite it. If the case may be affirmed on the merits then the decision should be delayed here until the trial error on the plea is cured. To delay the final termination of the litigation and add the costs of the first trial to the total costs of the litigation is little less than obstruction and without purpose or reason, it seems to me.