**KEYSTONE–FLEMING TRANSPORT, Inc., Appellant,**

v.

**CITY OF TAHOKA, Appellee.**

No. 6436.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1955.

Rehearing Denied Jan. 23, 1956.

against Keystone-Fleming Transport, Inc., seeking damages in the sum of $6,000. The defendant, Keystone-Fleming Transport, Inc., timely filed a plea of privilege seeking to have the suit transferred to Lubbock County, Texas, for trial on the merits which plea of privilege was controverted by the City of Tahoka. On December 14, 1953, a hearing was had by the trial court on the venue issue alone which resulted in a judgment overruling appellant's plea of privilege. From which judgment, an appeal was timely perfected to this Court by defendant, Keystone-Fleming Transport, Inc. This Court reversed the venue judgment of the trial court and rendered judgment ordering the case transferred to Lubbock County, Texas, for trial on the merits. However, the trial court proceeded to trial of the case on the merits while the separate appeal of the venue issue was pending as hereinafter shown. Therefore, the appeal before us now is from a judgment rendered on the merits of a damage suit while the issue of venue in an action that arose out of the damage suit was still pending on a separate appeal timely perfected.

Stating the further proceedings had chronologically, it appears that on February 1, 1954, the trial court overruled an application for a continuance of a hearing on the merits of the case filed by the defendant, Keystone-Fleming Transport, Inc., alleging as grounds therefor that a separate appeal had been perfected and was then pending on the venue issue and the trial court, at that time, set the case for hearing on its merits for February 8, 1954, on which date the case was heard on the merits, notwithstanding the separate appeal then pending on the venue issue, and thereafter rendered judgment on the merits on February 10, 1954, for the City of Tahoka and against defendant, Keystone-Fleming Transport, Inc. The Keystone-Fleming Transport, Inc., filed its motion for rehearing on February 12, 1954 and its amended motion on March 4, 1954, which was overruled on March 26, 1954. From which judgment defendant, Keystone-Fleming Transport, Inc., perfected a separate appeal to this Court on the merits for its own pro-

McWhorter, Howard, Cobb & Johnson, Lubbock (H. E. Griffith, Lubbock, of counsel), for appellant.

Calloway Huffaker and Harold Green, Tahoka, for appellee.

NORTHCUTT, Justice.

It appears that the City of Tahoka filed a damage suit in Lynn County, Texas,

tection in the event the venue issues were determined against it.

Appellant filed the record in this Court on May 13, 1954 and thereafter filed its brief on the appeal on the merits on June 12, 1954, before the venue issue had been finally determined. On July 6, 1954, both parties filed a joint motion seeking additional time for appellee to file its brief on the grounds that the venue issue was still pending and the final determination of it may be determinative of the appeal on the merits and appellee supported the motion with a written argument. This Court granted the joint motion and did not set the appeal on the merits for submission until the venue issue had been finally determined. Thereafter, appellant filed its motion to vacate the trial court's judgment against appellant on the merits for the reason venue had been finally established in Lubbock County, Texas. The said motion is now before us and we think it should be sustained for the reasons hereinafter stated. On May 10, 1954, this Court reversed the judgment of the trial court on the venue issue; sustained the plea of privilege and ordered the case transferred for trial on the merits to Lubbock County, Texas, the county of the residence of defendant, Keystone-Fleming Transport, Inc. (reported at Keystone-Fleming Transport, Inc. v. City of Tahoka, Tex.Civ.App., 277 S.W.2d 202). A motion for rehearing on the venue issue was overruled by this Court on September 27, 1954. Thereafter, an application for writ of error in the venue action was presented by the City of Tahoka to the Texas Supreme Court which court dismissed said application for want of jurisdiction on November 24, 1954 and overruled a motion for rehearing thereon January 5, 1955, thus making the judgment of this Court sustaining the plea of privilege and ordering a transfer of the case a final judgment.

By reason of the joint motion of the parties, appellee did not file its brief in the appeal on the merits until October 12, 1955. In response to appellant's motion to vacate the judgment in the case on the merits, appellee asserts that appellant waived its right to have venue changed to Lubbock County. But the final order establishing venue in Lubbock County, which constitutes grounds for reversal of the case on the merits, did not accrue until after appellant had been forced to trial on the merits, judgment had been therein rendered against it, its motion for rehearing had been overruled, an appeal had been perfected and its brief in the appeal on the merits had been filed in this Court. Appellant could not waive a right it did not have at the time it perfected its appeal on the merits and filed its brief therein. At that time, the judgment of this Court as to the plea of privilege had not been determined. The trial court had the right to try the case on its merits since the trial court on the merits had not been suspended by the appeal. No assignment of error was necessary. The appellant called to the attention of the trial court that the plea of privilege was on appeal and requested the trial court to continue the hearing on the merits of the case until the appeal on the plea of privilege was finally determined. The trial court overruled this motion and forced the appellant into the trial of the case on its merits. The courts have held where the trial court *correctly* overruled a plea of venue or privilege, it may proceed to the trial of the case on its merits. By the same holding, if the trial court wrongfully overrules the plea of venue or privilege, it should not proceed to trial of the case on the merits. It is the contention of appellee that since appellant did not assign as error that the trial court forced the appellant to trial that appellant had waived its right and had acquiesced in the court's ruling thereon. To adopt the appellee's line of reasoning would completely defeat the right of a party to appeal from an order overruling his plea of privilege prior to the trial of the case on its merits. If the trial court could correctly proceed to trial after overruling the plea of privilege and it had not been determined that the trial court erred in overruling the plea of privilege; then, at that time, an assignment of error would not have been good and no necessity to require appellant to do a useless thing. But the reversal of the trial court's order overruling appellant's

plea of privilege was a final judgment determining that venue did not lie in Lynn County but was in Lubbock County, Texas and naturally the judgment rendered in Lynn County must be reversed. Texas & P. Ry. Co. v. Wood, Tex.Civ.App., 211 SW.2d 321; Continental Fire & Casualty Ins. Corporation v. Whitlock, Tex.Civ. App., 213 S.W.2d 761.

We, therefore, have before us an appeal from a trial on the merits had after a separate appeal on the venue issues had been timely perfected to this Court as a result of which the venue judgment of the trial court had been reversed by this Court in a final judgment rendered, holding that the trial court did not have venue to try the action on the merits but the hearing on the merits was ordered by this Court transferred to Lubbock County, Texas.

■ The situation confronting this Court is controlled by the rules of law well stated by the Supreme Court in the case of Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830, 833, [4] in the following language:

"It is true that where the trial court correctly overrules a plea of venue or privilege, it may proceed to trial of the case on its merits; but to do so is a rather risky procedure, because a reversal of the order overruling the plea of privilege must result, as a matter of course, in the reversal of any judgment in the main case, if it is against the defendant who filed the plea of privilege. Cornell v. Cramer, Tex.Civ. App., 72 S.W.2d 397; O'Brien v. Smith, Tex.Civ.App., 80 S.W.2d 459."

■ Applying the rules of law there stated to the existing conditions here pending, we "must, as a matter of course", sustain appellant's motion to reverse the judgment of the trial court rendered on the merits of the case and that said judgment is vacated and set aside and the cause is remanded with instructions to the clerk of the District Court of Lynn County, Texas, to transfer the case on the merits to Lubbock County, Texas, in accordance with the final judg-

ment on the venue issues handed down by this Court on May 10, 1954, which judgment thereafter became final.

Reversed and remanded with instructions.