**K. T. LEASE SERVICE, INC., Appellant,**

v.

**ALAMO WELDING AND BOILER WORKS, INC., Appellee.**

Nos. 14695, 14705.

Court of Civil Appeals of Texas.

San Antonio.

July 17, 1968.

Bradford F. Miller, San Antonio, for appellant.

John J. Clayton, San Antonio, for appellee.

**60**

KLINGEMAN, Justice.

This is a venue action which arose out of a suit filed by plaintiff, Alamo Welding and Boiler Works, Inc., against defendant, K. T. Lease Service, Inc., in the District Court of Bexar County, Texas, seeking recovery of an alleged balance of $1,288.77 due plaintiff by defendant on an original account in the sum of $3,488.77. Defendant filed its plea of privilege seeking a change of venue to Atascosa County, Texas, where its principal office and place of business is located. Plaintiff timely controverted defendant's plea of privilege, alleging venue in Bexar County under the provisions of Sec. 5 of Article 1995, Vernon's Ann.Civ.St., authorizing suit to be filed in the county where a written contract is performable. Judgment was rendered, after a nonjury hearing, overruling the plea of privilege and this appeal was perfected.

Defendant is a corporation with its principal office and place of business in Jourdanton, Atascosa County, and in its business operates tractors and similar heavy equipment. Plaintiff is a corporation with its office and place of business in San Antonio, Bexar County, Texas—one of its activities being the repair of heavy equipment such as crawler tractors. It is undisputed that in March, 1964, Mr. John Petty, who was associated with plaintiff, went to Jourdanton and arrangements were made with Mr. Mitch Thomas, the president of defendant, for certain repair work to be made on a Caterpillar D–7 tractor owned by defendant. The tractor was thereafter taken to plaintiff's place of business in San Antonio, where the repair work was done. After completion of such work, plaintiff notified defendant that the tractor was ready, and defendant sent a Mr. Evan Barta, who did work for defendant, to San Antonio in one of defendant's trucks to pick up the tractor. On March 19, 1964, Barta went to plaintiff's place of business in San Antonio and delivered to plaintiff defendant's check for $500.00; and, prior to picking up such tractor, signed an in-

voice dated March 19, 1964, which in part reads as follows: "SOLD TO K-T Lease, Jourdanton, Tex., Labor & Material" for such tractor in the total amount of $3,488.77. On the invoice the words "Received By" are printed and they are followed by the signature of Evan Barta. Under that line is found the following printed notation: "1st to 10th Net—Thereafter 6% per annum. All Collection expenses incurred shall be charged against this account. All Bills Payable in San Antonio, Bexar County, Texas." A copy of this invoice was attached to plaintiff's petition and made a part thereof, and it is the contract in writing relied upon by plaintiff. Thereafter the tractor was hauled to defendant's place of business in Jourdanton and was used by it for a period of time and subsequently sold by defendant. Plaintiff introduced as exhibits at the plea of privilege hearing, (1) said invoice, (2) statement of plaintiff to defendant showing a total bill of $3,488.77, with credits thereon of $500.00, $1,000.00, $500.00 and $200.00, and a balance remaining of $1,288.77; (3) a check of defendant to plaintiff dated 6–29–66, in the amount of $200.00, with a notation thereon "on account," and (4) plaintiff's invoice dated 9–26–63, showing certain items of labor and material sold to K. T. Lease Service, and signed by Evan Barta.

By two points on this appeal defendant asserts: (1) The instrument relied upon by plaintiff as a contract in writing was not executed by defendant or by anyone acting on its behalf or with its authority, and there is no evidence to support the court's implied finding that the defendant was bound by the terms of such invoice; (2) the instrument relied upon by plaintiff was not such an instrument in writing as to support venue under Sec. 5, Art. 1995, and that the evidence conclusively shows there was a completed oral contract between plaintiff and defendant which was made before the repairs to the tractor were performed, and that plaintiff's suit was based upon this oral agreement rather than the written invoice.

In order to sustain venue in Bexar County under Sec. 5, Art. 1995, it was necessary for plaintiff to establish by a preponderance of the evidence that defendant had contracted in writing to perform an obligation in Bexar County. Hess v. Young, 160 S.W.2d 574 (Tex.Civ.App.—Waco 1942, no writ); Clark, Venue in Civil Actions, Contract in Writing, § 6, p. 45, "The Hearing Itself," pp. 244 et seq. It is our opinion that plaintiff failed to sustain such burden and that the plea of privilege should have been granted.

It was necessary for plaintiff to prove that Barta was authorized, as defendant's agent, to bind defendant by contract to make payments in San Antonio, Bexar County, Texas. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931); Tarver, Steele & Co. v. Pendleton Gin Co., 25 S.W.2d 156 (Tex.Civ.App.—Eastland 1930, no writ); 2 Tex.Jur.2d, Agency, § 248.

A similar case involving agency was Pharr v. Medaris Company, 345 S.W.2d 428 (Tex.Civ.App.—Dallas 1961, no writ). Medaris brought suit against Pharr in Dallas County, Texas, for merchandise sold and delivered to Pharr. Pharr owned and operated a merchandise store in Lubbock, Texas, and therein employed a Mr. Thomas Starnes as a salesman, paying him both a salary and commission. Pharr filed a plea of privilege asking that the case be transferred to Lubbock County. Medaris filed a controverting plea alleging that venue was proper in Dallas County under Article 1995, § 5, Vernon's Ann.Civ.St., because Starnes had signed a written agreement which provided that said account was payable in Dallas County. Pharr by sworn answer alleged that he had not in his own behalf or by any authorized agent contracted in writing to pay plaintiff any sum of money in Dallas, Texas. Pharr's plea of privilege was overruled by the trial court. The Court of Civil Appeals reversed and remanded said cause and said that the burden was on Medaris to prove that Thomas Starnes was authorized as Pharr's agent to bind Pharr to make payment in Dallas County, and that there was no evidence in the record of express or implied authority whereby Starnes was authorized to so bind appellant.

The only evidence in the record here, pertaining to Barta's authority to bind defendant, was testimony by Petty that he knew that Barta was employed by defendant; that Barta had previously picked up items for defendant and had signed similar invoices which were paid by defendant without objection, and testimony by Barta that he had worked for defendant for a number of years driving tractors and heavy equipment, for which he was usually paid on a commission basis, although on some occasions he was paid an hourly wage; that on occasions he solicited work for defendant; that he did odd jobs for defendant, including picking up parts and items that had been left for repair; that on March 19, 1964, he was sent to San Antonio to pick up the D-7 tractor and signed the invoice in question, and had signed similar invoices in the past. Barta testified that he never had anything to do with when and how bills were paid; that he just signed whatever they gave him to sign and went home with the merchandise; that with regard to the D-7 tractor involved in this suit, he didn't have anything to do with the negotiations concerning such repairs, didn't know what the transaction was between the parties, didn't know the price, didn't know the terms, didn't know anything about it, that he figured the deal was made between Petty and Thomas; and that he just signed what Petty prepared and told him he wanted signed. The evidence shows only that Barta was authorized to go to San Antonio to pick up the tractor, and is insufficient to establish Barta's authority to bind defendant to perform an obligation in San Antonio, Bexar County, Texas.

Plaintiff also asserts that defendant was estopped to deny the authority of Barta to bind defendant by written contract, and

that defendant ratified and approved his acts, relying on testimony that Barta had previously signed other invoices when he picked up material for defendant, that defendant had paid such items without protest, and that defendant had accepted such tractor and used it after the repairs were made and had made payments on such account. No connection between such previous jobs and the one involved herein is shown, and the record contains nothing with regard to the facts and circumstances in connection with such previous transactions. It is undisputed that the repairs were completed prior to the time Barta signed the invoice. The record does not establish any estoppel or ratification.

■ The contract relied upon for venue purposes must be proved and must be the real obligation relied on to form the basis of the cause of action. Trans-South Hydrocarbons Company v. Trinity Industries, Inc., 419 S.W.2d 662 (Tex.Civ.App.—Dallas 1967, no writ), and cases therein cited.

■ In the case before us, Petty testified that prior to the time any repair work was done, he and Thomas examined the tractor in Jourdanton, Texas, and on the basis of such examination discussed what was required to be done, and at such time an approximate price was agreed upon for the repairs. That after the machine was taken to San Antonio and dismantled, some additional repairs were found to be necessary, but before anything was done other than what had been originally agreed upon, Petty called Thomas by telephone and received his permission to do these other services. He also testified unequivocally that prior to performing any work he and Thomas had orally agreed that the work done would be paid off in a reasonable length of time, not to exceed sixty days, and that a partial payment of $500.00 was to be paid at the time of completion of such work. It is undisputed that such $500.00 payment was made prior to the time the tractor was delivered, in accordance with that oral agreement. The invoice which

plaintiff relies upon contained the provision "1st to 10th Net—Thereafter 6% per annum." Plaintiff's statement of account, which was introduced as an exhibit, shows a total bill of $3,488.77, the exact amount of the charge shown on the invoice, with payments thereon over a period of approximately two years, with a remaining balance of $1,288.77, and no charge for interest. Petty testified that after sixty days had elapsed and he had not received payment in accordance with the oral agreement, he contacted Thomas by telephone with regard to such payment.

It is our opinion that the agreement relied upon by plaintiff was the oral agreement made between plaintiff and defendant prior to the time the repairs were made on the tractor, and not the written invoice prepared by plaintiff after the repairs were completed. The parol agreement having been consummated without mentioning the place of performance, plaintiff could not add a venue provision by language incorporated in an invoice thereafter prepared. Back v. Radio City Distributing Co., 286 S.W.2d 672 (Tex.Civ.App.—Dallas 1956, writ dism'd); Ferguson v. Sanders, 133 S.W.2d 806 (Tex.Civ.App.—Dallas 1939, no writ); Smith Grain Co. v. H. H. Watson Co., 285 S.W. 868 (Tex.Civ.App.—San Antonio 1926, no writ).

■ There is presently before this Court Cause No. 14705, which is an appeal from a judgment in favor of plaintiff against defendant in the District Court of Bexar County, Texas, on the trial on the merits, said case having been tried during the period while defendant was perfecting its appeal from the order overruling the plea of privilege. It is settled that when a case is tried on its merits, after the overruling of defendant's plea of privilege, a reversal of the order overruling the plea of privilege must result in a reversal of any judgment in the main cause if it is against the defendant who filed the plea of privilege. Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830 (1942); Baker & Taylor Drilling Co. v. Hemphill Co., Texas, 378 S.W.2d

370 (Tex.Civ.App.—Amarillo 1964, no writ); Keystone-Fleming Transport v. City of Tahoka, 285 S.W.2d 869 (Tex.Civ.App.—Amarillo 1955, writ ref'd); Texas & P. Ry. Co. v. Wood, 211 S.W.2d 321 (Tex.Civ. App.—El Paso 1948, writ ref'd n. r. e.); McDonald, Texas Civil Practice, Vol. 1, § 4.61, p. 627. Since it is the opinion of this Court that the trial court erred in overruling defendant's plea of privilege, the judgment of the trial court in overruling defendant's plea of privilege and the judgment of the trial court entered in favor of plaintiff in the trial on the merits are both reversed and this cause is remanded to the trial court with instructions that said cause be transferred to the District Court of Atascosa County, Texas.