Sammy V. RODRIGUEZ, et ux., Appellants,

v.

JIM WALTER HOMES, INC., Appellee.

No. 1873.

Court of Appeals of Texas, Corpus Christi.

June 24, 1982.

Rehearing Denied Aug. 26, 1982.

Thomas M. Schumacher, Law Offices of Hector Gonzalez, Sinton, for appellants.

Scott J. Atlas, Vinson & Elkins, Houston, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

Sammy and Mary Rodriguez appeal from a judgment dismissing with prejudice their Consumer Credit Code and Deceptive Trade Practices Act claims against Jim Walter Homes, Inc. Among their points of error is one which contends that the judgment should be reversed because a subsequent appellate review of the defendant's plea of privilege deprived the trial court of jurisdiction. We agree and reverse.

On December 1, 1978, Mr. and Mrs. Rodriguez and several other plaintiffs filed petitions in Nueces County alleging violations of the Consumer Credit Code, Tex. Rev. Civ. Stat. Ann. arts. 5069–6.01 et seq., and the Deceptive Trade Practices Act, Tex. Bus. & Comm. Code art. 17.46 et seq. (DTPA). On December 19, 1978, the defendant filed its first pleading, a plea of privilege. Following that plea and in the same instrument, the defendant filed its answer, a general denial.

On January 11, 1979, Jim Walter filed a set of six interrogatories to the plaintiff. The plaintiffs' first response to the interrogatories supplied information to the first question only.

Jim Walter filed its first motion to compel further answers to its first set of interrogatories on February 12, 1979, and after a hearing was held, the trial court issued an order granting the motion. Because the defendant complained that the plaintiffs did not furnish answers that were sufficient, this process was repeated three times over the course of the next sixteen months. At the hearings, the trial judge patiently instructed plaintiffs' attorney about the proper manner to answer interrogatories. After each order, plaintiffs supplemented their answers with a small amount of information, but, according to the defendant, the plaintiffs never provided complete answers to the interrogatories.

In July of 1980, Jim Walter filed a second set of interrogatories inquiring whether the plaintiffs had sustained personal injuries. After plaintiffs' objections to the second set, the trial court held a hearing and ordered them to respond by October 19, 1980. When the plaintiffs failed to enter a timely response, the defendants moved to dismiss with prejudice. The trial court scheduled a hearing on November 4, 1980, to consider this motion. Plaintiffs' attorneys failed to appear on that date. The trial court then granted the motion to dismiss.

Meanwhile, on April 15, 1980, the trial court had overruled the defendant's plea of privilege. Whereupon, this case was consolidated with several other cases for appeal of the trial court's actions in overruling the pleas of privilege. In *Jim Walter Homes v. Altreche*, 605 S.W.2d 733 (Tex.Civ.App.— Corpus Christi 1980, writ dism'd), we reversed the trial court in this and the other consolidated cases and ordered the causes be transferred to Harris County. On November 3, 1980, the plaintiffs filed their application for writ of error with the Supreme Court. Thus, at the time of dismissal of the case by the trial court, the appellate courts had not completed review of the plea of privilege. Motions to vacate the judgment, for a new trial, and for reinstatement of the cause were also denied.

In their first point of error, the appellants maintain that our appellate determination that venue did not lie in Nueces County mandated a reversal of the trial court's judgment of dismissal. In that regard, when a plea of privilege is sustained, transfer of the case is suspended pending the final determination of the appeal. Tex. Rev. Civ. Stat. Ann. art. 2008 (Vernon 1964); T.R.C.P., Rule 385(e) (Vernon Supp. 1982). But when a plea of privilege is overruled, the plaintiff may proceed with the litigation on the merits. *Allen v. Woodward*, 111 Tex. 457, 239 S.W. 602 (1922). The consequences of appellate review, however, may be unfavorable to the plaintiff, as we will demonstrate.

Judgments on the merits in favor of plaintiffs have been reversed after appel-

late reversal of trial court orders overruling pleas of privilege. A line of cases by four courts of appeals established that the reason for the reversal was that the plea of privilege decision deprived the trial court of jurisdiction to enter the judgment. See *Conlee v. Burton*, 188 S.W.2d 713 (Tex.Civ. App.—Dallas 1942, no writ); *Service Finance Corp. v. Grote*, 172 S.W.2d 996 (Tex. Civ.App.—San Antonio 1943, no writ); *Wilson v. Ryan*, 163 S.W.2d 448 (Tex.Civ.App. —San Antonio 1942, no writ); *Smith v. First National Bank of Groveton*, 147 S.W.2d 856 (Tex.Civ.App.—Galveston 1941, no writ); *O'Brien v. Smith*, 80 S.W.2d 459 (Tex.Civ.App.—El Paso 1935, no writ); *Cornell v. Cramer*, 72 S.W.2d 397 (Tex.Civ.App. —El Paso 1934, no writ). As is apparent from the citations, there were no Supreme Court reviews of these cases.

The Supreme Court confronted the problem of the effect of a reversal of the trial court's decision overruling a plea of privilege upon a judgment favoring the plaintiff in *Goolsby v. Bond*, 138 Tex. 485, 163 S.W.2d 830 (1942). In an opinion citing *O'Brien* and *Cornell*, the Supreme Court reversed the case. *Goolsby*, supra at 833. The Court did not repeat, however, the rationale used in the earlier cases: that the plea of privilege determination deprived the trial court of jurisdiction. In fact, the *Goolsby* Court did not disclose a reason for its decision. Subsequent cases in the courts of appeals have simply cited *Goolsby* in reversing the trial courts and have failed to mention the reasons for their actions.[1]

The appellee argues that because the Supreme Court failed to mention lack of jurisdiction as the reason for the ruling in *Goolsby*, that the decision was not based on this ground. Jim Walter proposes that nothing in the venue statutes required *Goolsby* to be reversed, rather this decision was made as a matter of public policy. In support of its theory, appellee points to the absence of

any reference to jurisdiction in the *Goolsby* opinion and to cases which differentiate between jurisdiction and venue. Having concluded that the rationale of *Goolsby* is that public policy will not permit a plaintiff who has brought suit in the wrong county to benefit from a judgment entered before a determination of the plea of privilege has become final, the appellee urges that this policy does not apply when the judgment is for the defendant. Jim Walter states that language in *Goolsby* supports its position and refers us to the phrase requiring reversal "if it is against the defendant." *Goolsby*, supra 163 S.W.2d at 833. Appellee maintains that this phrase implies that no reversal is required if the judgment is in favor of the defendant.

Although Jim Walter's analysis is quite logical, it is premised on speculation. While the use of cases as authority does not necessarily mean approval of their rationale, *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 193 n. 1 (Tex.1968), we have seen nothing which indicates disapproval of the reasoning in *Cornell* and *O'Brien*. An implication from the phrase in *Goolsby* that the court would have declined to reverse if confronted with a judgment favoring the defendant is dicta which we are not bound to follow. *Ballard v. Carmichael*, 83 Tex. 355, 18 S.W. 734, 736 (1892). We would find dicta of the Supreme Court persuasive, however, if we were certain of the meaning of the dicta. The correct interpretation of this phrase "if it is against the defendant" is not clear. The construction given to it by the appellee requires us to find a meaning which the *Goolsby* Court may not have intended. Therefore, we reject the argument that the *Goolsby* opinion guides us to affirmance.

 Appellee's attempt to distinguish between jurisdiction and venue, thereby casting doubt on the reasoning of pre-*Goolsby* decisions, does not convince us. The

---

1. See *K. T. Lease Service v. Alamo Welding and Boiler Works*, 431 S.W.2d 58 (Tex.Civ.App. —San Antonio 1968, no writ); *Baker & Taylor Drilling Co. v. Hemphill County*, 378 S.W.2d 370 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.); *Keystone-Fleming Transport v. City of* *Tahoka*, 285 S.W.2d 869 (Tex.Civ.App.—Amarillo 1956, writ ref'd); *Continental Fire & Casualty Ins. Corp. v. Whitlock*, 213 S.W.2d 761 (Tex.Civ.App.—El Paso 1948, no writ); *Texas & P. Ry. Co. v. Wood*, 211 S.W.2d 321 (Tex.Civ. App.—El Paso 1948, writ ref'd n.r.e.).

generality that venue is not synonymous with jurisdiction is, of course, correct. *State v. Pounds*, 525 S.W.2d 547, 550 (Tex. Civ.App.—Amarillo 1975, writ ref'd n.r.e.). Venue determinations do affect jurisdiction, however, in some situations. When a plea of privilege is not controverted, the trial court is without jurisdiction to enter any order other than an order transferring the cause to the proper court. *Watson v. General Motors Acceptance Corp.*, 509 S.W.2d 875 (Tex.Civ.App.—San Antonio 1974, no writ). If the plaintiff chooses to contest the plea but the trial court sustains it, the trial court must enter an order transferring the case. Rule 89, T.R.C.P. Pending a final judgment on venue, the trial court which has sustained a plea of privilege retains no jurisdiction except to preserve the status quo. *Preissman v. Allied Bank of Texas*, 525 S.W.2d 265, 267 (Tex.Civ.App.—San Antonio 1975, no writ). Other cases have held that upon assertion of the defendant's privilege, the trial court is prohibited from exercising its jurisdiction except as to the venue question, *Kohut v. Mrs. Baird's Bakeries, Inc.*, 478 S.W.2d 139, 141 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) and that perfecting an appeal from an order overruling a plea of privilege deprives the district court of jurisdiction over the cause. *Long v. Compton*, 398 S.W.2d 784, 785 (Tex.Civ.App.—Waco 1965, no writ). Examination of the above cases yields two conclusions: that there are jurisdictional consequences of venue questions; and that a holding of no jurisdiction in the case before us is in harmony with other decisions. Such a rule would put the parties in the position they would have occupied had the trial court correctly sustained the plea. Since the reversal of the plea of privilege divested the trial court of jurisdiction, it is immaterial that the judgment resolving the whole case favored the defendant.

Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial in Harris County, Texas.

GONZALEZ, Justice, dissenting.

I respectfully dissent. I would affirm the case on the basis that the trial court had jurisdiction to dismiss the action pursuant to Tex. R. Civ. P. 165a.

"Venue" deals with the propriety of prosecuting a suit in a particular county. To hold that a defendant, who has already obtained a favorable judgment, has to retry the case because the trial court committed an error in not transferring the case to the county of defendant's domicile is illogical and against public policy. A plaintiff should not be given the right to invoke a rule created for defendant's benefit whenever he wants to avoid an unfavorable verdict. The dictum in *Goolsby v. Bond*, 138 Tex. 485, 163 S.W.2d 830, 833 (1942) is a better approach to the problem.