TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00367-CV






George Antonio Mendez, Appellant



v.



Nelda B. (Mendez) Abrego, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 92-D-269, HONORABLE CHARLES R. RAMSEY, JUDGE PRESIDING






 Nelda B. Abrego commenced this proceeding against her former husband George
Mendez after he received Dell stock that belonged to her, converted it to his own use, sold it, and
spent the proceeds. Following a bench trial, the district court awarded Abrego $19,619.25 as
damages and $1500 for attorney's fees. Mendez appeals raising ten points of error. We will
affirm the district court's judgment.


Background


 On December 15, 1992, Mendez and Abrego were divorced by the district court
in Caldwell County. Neither party objected or filed an appeal related to the decree and the two
parties did not speak to each other for the next five years. Among the marital property divided
by the divorce decree were shares of Dell stock. The portion of the divorce decree related to the
parties' Dell stock stated:


It is ordered and decreed that the estate of the parties is divided as follows:


[Abrego] is awarded the following as [her] sole and separate property, and
[Mendez] is divested of all right, title, interest, and claim in and to such property
listed on Schedule "A" attached hereto and incorporated herein for all purposes.


* * * * 



Schedule "A"


Property Awarded to Petitioner Nelda B. Mendez



* * * * 



7. 101 shares of Dell Computer Stock, representing one-half of Dell Shares owned
by [Mendez], which stock is Ordered transferred into the name of [Abrego] no
later than seven (7) days from entry of this decree.



 At the time of divorce, Mendez timely delivered to Abrego two Dell stock
certificates, one certificate represented thirty-nine shares and one certificate represented sixty-two
shares. Mendez signed both certificates in blank without specifically naming Abrego as an
assignee for either certificate. Although he timely delivered the stock certificates, Mendez never
transferred the stock into Abrego's name as ordered by the divorce decree. Upon receiving the
certificates, Abrego placed them in a filing cabinet where they remained for almost five years.

 In November 1997, Abrego met with Jerry Neimec, a certified financial planner
and registered stock broker, and showed him the Dell stock certificates she received as a result
of the divorce. After researching the stock certificates, Neimec discovered that the original 101
shares had split three times since Abrego's divorce. Additionally, he learned that the stock
certificates had never been registered in Abrego's name. Neimec immediately helped Abrego
register the certificates in her name and asked her about the additional shares of stock that resulted
following the three splits. Abrego told him that she was unaware of any stock splits. Abrego
phoned Mendez and asked him about the splits. Abrego testified that Mendez was surprised by
her questions about the splits and he told her he would get back to her in a couple of weeks. 
Later, Mendez phoned Abrego and told her that in fact he did receive her shares resulting from
the splits and, because at the time he needed money to avoid bankruptcy, he had sold the shares. 
To make amends, he told her he wanted to offer her a settlement. He told her that although at the
time he did not have money to pay her, he was willing to offer her a settlement of between
$10,000 and $25,000. Abrego told him she just wanted the shares of stock and would not accept
his settlement offer. She told Mendez that based on information Neimec provided to her all of
the splits were two-for-one so that there should have been approximately 707 shares generated by
the three stock splits. Mendez told her that she would need to speak with his attorney regarding
the matter.

 Abrego filed suit claiming that Mendez failed to notify her that the shares of stock
resulting from the splits had erroneously been credited to his stock account, that he committed
fraud, and that he intentionally converted her stock. Abrego sought damages and attorney's fees. 
Mendez filed special exceptions, objected to the district court's jurisdiction and moved to dismiss
the suit, raised affirmative defenses, and sought attorney's fees. Mendez responded to Abrego's
pleading and asserted that it was Abrego's negligence in failing to timely register the stock in her
name that caused Dell to continue to recognize his ownership rights and to continue issuing stock
to him that resulted from splits. Further, he responded that he had fully complied with the divorce
decree regarding the Dell stock awarded to Abrego.

 The district court held a hearing, determined it had jurisdiction, and denied
Mendez's motion to dismiss and special exceptions. Following a bench trial, the district court
ruled that Mendez failed to give Abrego shares of Dell stock that resulted from three splits of her
101 shares awarded as her sole and separate property in the couple's divorce decree. Further, the
court found that Mendez had sold the shares that resulted from the stock splits so that delivery of
those shares to Abrego was no longer possible. The court ruled that Mendez's failure to deliver
to Abrego the shares resulting from the three splits caused her damages of $19,619.25 plus
interest. Additionally, the court ordered Mendez to pay Abrego $1500 as attorney's fees.


Discussion


Subject Matter Jurisdiction

 We first address Mendez's claim that the district court did not have subject matter
jurisdiction and erred by failing to dismiss the proceeding. Mendez filed a "limited special
answer" and limited his appearance in the Caldwell County district court to complain that the
court did not have jurisdiction over the subject matter of the lawsuit. Specifically, Mendez argued
to the district court that the proper county for the lawsuit was Hays County because that was the
county in which both parties resided and that the proceeding should be dismissed.

 There is no dispute that although the parties were divorced in the Caldwell County
district court, neither of them had lived in Caldwell County for at least six months before Abrego
filed the lawsuit. Mendez argues that this is a subject matter jurisdiction issue. It must be borne
in mind that jurisdiction and venue are not synonymous. Jurisdiction is the power of the court
to decide a controversy between parties and to render and enforce a judgment with respect thereto;
venue is the proper place where that power is exercised. Rodriguez v. Jim Walter Homes, Inc.,
638 S.W.2d 108, 111 (Tex. 1982) (citing State v. Pounds, 525 S.W.2d 547, 550 (Tex. Civ.
App.--Amarillo 1975, writ ref'd n.r.e)). We hold that Mendez's complaint relates to venue and
not to subject matter jurisdiction.

 The plaintiff has the first choice to fix venue and does so by filing suit in the county
of its choice. In re Masonite, 997 S.W.2d 194, 197 (Tex. 1999). A defendant raises the question
of proper venue by challenging the plaintiff's choice through a motion to transfer venue. Tex.
R. Civ. P. 86(1); Wichita County v. Hart, 917 S.W.2d 779, 781 (Tex. 1996) (defendant raises
question of venue by challenging plaintiff's county choice through motion to transfer venue).
Without a motion to transfer venue, the trial court cannot transfer venue, even to a county of
proper venue. Masonite, 997 S.W.2d at 197. A defendant must file a motion to transfer venue
contemporaneously with or before all other pleadings or motions except the special appearance
which must be filed first. Tex. R. Civ. P. 86(1). The defendant will waive its venue complaint
by failing to file a motion or by filing a motion to transfer after filing an answer. Sutton v. State
Bar, 750 S.W.2d 853, 855 (Tex. App.--El Paso 1988, writ denied). Here, Mendez failed to file
a motion seeking to transfer venue to Hays County. Instead, he argued only that the district court
should dismiss the proceeding for lack of jurisdiction. Because Mendez did not timely file a
motion to transfer venue, he has waived his complaint that Abrego filed suit in the wrong county.
Mendez's contention that the district court did not have subject matter jurisdiction is overruled.


Statute of Limitations

 Mendez also contends that the statute of limitations has expired on Abrego's claims.
Mendez erroneously assumes that the two-year limitations provision in section 9.003 of the Texas
Family Code applies in this case. Tex. Fam. Code Ann. § 9.003(a), (b) (West 1998). Based on
his assumption, Mendez contends that since this deadline has passed, Abrego's time period for
proceeding has expired.

 Section 9.003(a) provides a two-year filing deadline for a suit to enforce the
"division of tangible personal property in existence at the time of the decree of divorce." The
stock resulting from the splits, although derivative of property in existence at the time of divorce,
nevertheless, did not exist at the time of divorce. Consequently, this suit is not governed by
section 9.003(a). Section 9.003(b) provides a two-year filing deadline for a suit to enforce "the
division of future property not in existence at the time of divorce." This provision does not apply
to Abrego's claims because the stock at issue is not future community property that arose after the
divorce. Rather, the shares of stock resulting from the three splits belonged solely to Abrego as
her separate property. The stock splits at issue do not require a division between Abrego and
Mendez. Additionally, although Abrego refers to the divorce decree in her pleading, she does not
claim that her lawsuit is a proceeding within section 9.003 of the Family Code. We hold that
neither section 9.003(a) nor section 9.003(b) are applicable in this case. We overrule Mendez's
contention that these statutes apply to Abrego's claims.


Failure to File Findings of Fact and Conclusions of Law

 Mendez contends that the district court erred by failing to file findings of fact and
conclusions of law. Mendez timely requested findings of fact and conclusions of law and filed
a timely past-due reminder with the district court. Tex. R. Civ. P. 296.

 When the reporter's record is presented to the appellate court for review, harm is
presumed and the judgment must be reversed unless the record affirmatively shows that no harm
resulted from the trial court's failure to comply with Texas Rule of Civil Procedure 296. Cherne
Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). "The test of whether there is
harm depends on whether the circumstances of the particular case would require an appellant to
have to guess the reason or reasons that the trial judge ruled against him." Sheldon Pollack Corp.
v. Pioneer Concrete of Tex., Inc., 765 S.W.2d 843, 845 (Tex. App.--Dallas 1989, writ denied).

 We hold that the record affirmatively shows that no harm resulted from the district
court's failure to file findings of fact and conclusions of law. The uncontroverted evidence was
that Mendez misappropriated Abrego's Dell stock that resulted after her 101 shares split three
times, that he sold the shares without her permission, used the proceeds from the sale of her stock
for his benefit to avoid personal bankruptcy, and attempted to right his wrong by offering to pay
Abrego a settlement sum. We hold that the district court's failure to file findings of fact and
conclusions of law did not place an undue burden on Mendez in presenting his case for appeal.
The factual situation was not complicated as there were not multiple theories of recovery and
Mendez was not in the position of having to speculate on the reasons the district court ruled
against him. Mendez's contention that the district court erred by failing to file findings of fact
and conclusions of law is overruled.


Sufficiency of the Evidence

 Mendez raises several contentions that we interpret to be challenges to the legal
sufficiency of the evidence. When Mendez attacks the legal sufficiency of an adverse finding on
an issue on which he did not have the burden of proof, he must demonstrate on appeal that there
is no evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex.
1983). We will consider the evidence and inferences tending to support the finding and disregard
all evidence and inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex.
1992); Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986).

 When Mendez attacks the legal sufficiency of an adverse finding on an issue on
which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively
established all vital facts in support of the issue. Sterner v. Marathon Oil Co., 767 S.W.2d 686,
690 (Tex. 1989). In reviewing an "as a matter of law" challenge, the reviewing court employs
a two-pronged test. The court will first examine the record for evidence that supports the finding,
while ignoring all evidence to the contrary. Id. If there is no evidence to support the finding, the
reviewing court will then examine the entire record to determine if the contrary proposition is
established as a matter of law. Id.

 Mendez contends that the district court erred in awarding damages to Abrego
because he fully complied with the divorce decree when he signed the stock certificates in blank
and delivered them timely to Abrego on December 15, 1992. While we agree with Mendez that
he timely delivered 101 certificated shares of Dell stock to Abrego at the time of divorce, we hold
that he did not fully comply with the divorce decree regarding the 101 shares of stock. The
divorce decree required Mendez to "transfer[] [the stock] into the name of [Abrego] no later than
seven (7) days from entry of this decree." This Mendez failed to do. On appeal, Mendez argues
that Dell would not allow him to put the shares in Abrego's name; however, there was no
evidence presented to the district court that such was the case nor did Mendez even suggest this
at trial. We conclude that Mendez failed to comply with the portion of the divorce decree that
required him to transfer the 101 shares of stock into Abrego's name. Mendez's contention that
he complied fully with the divorce decree is overruled.

 Mendez contends that the district court erred by holding that delivery of the stock
resulting from splits of Abrego's 101 shares was no longer an adequate remedy. At trial, Abrego
testified that Mendez told her that he had sold her stock that resulted when her 101 shares split
because he needed money to avoid bankruptcy. He was willing to offer her a monetary settlement
because he no longer possessed the stock that resulted following the three splits. We hold that
sufficient evidence supports the district court's finding that Mendez could not give Abrego her
stock that resulted from the splits. Mendez's contention that the district court erred when it
concluded that ordering Mendez to turn over the stock resulting from splits of Abrego's 101
shares was impossible is overruled.

 Mendez contends that the district court erred in awarding Abrego damages of
$19,619.25 because no evidence was presented at trial supporting such sum. According to
testimony, Mendez told Abrego in a telephone conversation that the stock splits were her property
and that he appropriated them for his own use and benefit--he sold her shares to avoid personal
bankruptcy. Mendez made Abrego a settlement offer of $15,000 to $25,000 to compensate her
for his misappropriation of her stock. Finally, at trial, Neimac presented evidence about Dell
stock sales prices on the dates Mendez sold Abrego's stock. We hold that sufficient evidence
supports the district court's monetary award to Abrego. Mendez's contention is overruled.


Impermissible Modification of the Divorce Decree

 Mendez contends that the district court impermissibly modified or altered the
divorce decree by allowing a retroactive award to Abrego that far exceeded the property granted
by the decree. We find nothing in the district court's order that alters or modifies the divorce
decree. This contention is overruled.


Failure to Allow Mendez to Present His Defense Case

 Without citing any authority, Mendez contends that the district court erred by not
allowing him to present a defense at trial. Just after Abrego closed her case, Mendez moved for
a directed verdict against Abrego. After both sides argued the motion, the district court overruled
Mendez's motion and granted judgment in favor of Abrego. The record reflects that Mendez did
not request an opportunity to present witnesses or testimony different from what had been
presented. Mendez's only request was that he be allowed to present a final argument. Mendez's
trial complaint was not the same as his appellate complaint; therefore, he has not preserved this
complaint for appellate review. Tex. R. App. P. 33.1(a). This contention is overruled.

Conclusion


 Having overruled all of Mendez's contentions, we affirm the district court's
judgment.



 
 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 15, 2001

Do Not Publish




690 (Tex. 1989). In reviewing an "as a matter of law" challenge, the reviewing court employs
a two-pronged test. The court will first examine the record for evidence that supports the finding,
while ignoring all evidence to the contrary. Id. If there is no evidence to support the finding, the
reviewing court will then examine the entire record to determine if the contrary proposition is
established as a matter of law. Id.

 Mendez contends that the district court erred in awarding damages to Abrego
because he fully complied with the divorce decree when he signed the stock certificates in blank
and delivered them timely to Abrego on December 15, 1992. While we agree with Mendez that
he timely delivered 101 certificated shares of Dell stock to Abrego at the time of divorce, we hold
that he did not fully comply with the divorce decree regarding the 101 shares of stock. The
divorce decree required Mendez to "transfer[] [the stock] into the name of [Abrego] no later than
seven (7) days from entry of this decree." This Mendez failed to do. On appeal, Mendez argues
that Dell would not allow him to put the shares in Abrego's name; however, there was no
evidence presented to the district court that such was the case nor did Mendez even suggest this
at trial. We conclude that Mendez failed to comply with the portion of the divorce decree that
required him to transfer the 101 shares of stock into Abrego's name. Mendez's contention that
he complied fully with the divorce decree is overruled.

 Mendez contends that the district court erred by holding that delivery of the stock
resulting from splits of Abrego's 101 shares was no longer an adequate remedy. At trial, Abrego
testified that Mendez told her that he had sold her stock that resulted when her 101 shares split
because he needed money to avoid bankruptcy. He was willing to offer her a monetary settlement
because he no longer possessed the stock that resulted following the three splits. We hold that
sufficient evidence supports the district court's finding that Mendez could not give Abrego her
stock that resulted from the splits. Mendez's contention that the district court erred when it
concluded that ordering Mendez to turn over the stock resulting from splits of Abrego's 101
shares was impossible is overruled.

 Mendez contends that the district court erred in awarding Abrego damages of
$19,619.25 because no evidence was presented at trial supporting such sum. According to
testimony, Mendez told Abrego in a telephone conversation that the stock splits were her property
and that he appropriated them for his own use and benefit--he sold her shares to avoid personal
bankruptcy. Mendez made Abrego a settlement offer of $15,000 to $25,000 to compensate her
for his misappropriation of her stock. Finally, at trial, Neimac presented evidence about Dell
stock sales prices on the dates Mendez sold Abrego's stock. We hold that sufficient evidence
supports the district court's monetary award to Abrego. Mendez's contention is overruled.


Impermissible Modification of the Divorce Decree

 Mendez contends that the district court impermissibly modified or altered the
divorce decree by allowing a retroactive award to Abrego that far exceeded the property granted
by the decree. We find nothing in the district court's order that alters or modifies the divorce
decree. This contention is overruled.


Failure to Allow Mendez to Present His Defense Case

 Without citing any authority, Mendez contends that the district court erred by not
allowing him to present a defense at trial. Just after Abrego closed her case, Mendez moved for
a directed verdict against Abrego. After both sides argued the motion, the district court overruled
Mendez's motion and granted judgment in favor of Abrego. The record reflects that Mendez did
not request an opportunity to present witnesses or testimony different from what had been
presented. Mendez's only request was that he be allowed to present a final argument. Mendez's
trial complaint was not the same as his appellate complaint; therefore, he has not preserved this
complaint for appellate review. Tex. R. App. P. 33.1(a). This contention is overruled.

Conclusion


 Having overruled all of Mendez's contentions, we affirm the district court's
judgment.



 
 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed